Mr. Justice BRADLEY
 

 delivered the opinion of the court.
 

 The difficulty with the case, as brought before us, is that the judgment was not a final one in the case. This court, under the 25th section of the Judiciary Act, can only take cognizance of final judgments of the State courts. And although the court has been liberal in its construction of the statute as to what judgments are final, yet the judgment in this case cannot be deemed such by any reasonable stretch of construction. It is a rule in criminal law
 
 in favorem, vitce,
 
 in capital cases, that when a special plea in bar is found against the prisoner, either upon issue tried by a jury, -or upon a point of law decided by the court, he shall not be concluded or
 
 *382
 
 convicted thereon, but shall have judgment of
 
 respondeat ouster,
 
 and may plead over to the felony the general issue, not guilty.
 
 *
 
 And this is the effect of the-judgment of reversal rendered by the Supreme Court of Tennessee in this case; so that in no sense can that judgment be deemed a final one. The case must go back and be tried upon its merits, and final judgment must be rendered before this' court can take jurisdiction. If after that it should be brought here for review, we can then examine the defendant’s plea and decide upon its sufficiency.
 

 Writ op error dismissed.
 

 *
 

 4
 
 Blackstone’s Commentaries, 338.