COWAN, McCLUNG & CO. v. EAST TENN., VIRGINIA & GEORGIA RAILROAD CO.

PRACTICE. *Judgment. When not final.* A judgment sustaining a demurrer to a declaration with leave to plaintiffs to amend, is not final, and no appeal will lie therefrom unless the record shows a peremptory refusal to amend, and judgment of dismissal and for costs against them.

Cases cited: Joslyn v. Sappington, 1 Tenn., 173; State v. Dillon, 3 Hay., 411; Butcher v. Palmer, 4 Col., 248; Carney v. Murphy, 2 Baxter, 340; Sumner v. Bowers, MS., Nashville, 1872.

Code cited: Secs. 2970–71.

---

### FROM KNOX.

---

From the Circuit Court at Knoxville. E. T. HALL, Judge.

JNO. BAXTER and J. B. HEISKELL for defendant.

COCKE & HENDERSON and T. R. WEBB for plaintiff.

SNEED, J., delivered the opinion of the court.

The court is of opinion that the motion to dismiss the appeal in this case upon the ground that no appeal will lie from the order or judgment appealed from, is well taken. The action was brought to recover a fine or penalty imposed by statute upon any railroad company in this State which, in its freight charges, shall discriminate against the citizens of this State—the plaintiffs claiming to have been aggrieved by such discrimination on the part of the defendant.

The statute provides that the offender in such case "shall, upon conviction, be fined in the sum of not less than one nor more than five thousand dollars for each and every offense, the same to be collected as other fines and forfeitures are collected, one-half of the same to go to the State and the other half to the party aggrieved." The defendant demurred to the plaintiffs' declaration for divers causes, not necessary to be considered here. The demurrer was sustained by the court, with leave to plaintiffs to amend their declaration, from which order the plaintiffs have appealed in error.

This was not a final judgment, but a mere interlocutory order, adjudging nothing upon the merits of the plaintiffs' cause of action, and embodying neither a judgment of dismissal nor a judgment for the costs. It was simply a judgment upon the validity of a pleading; and to entitle the plaintiffs to an appeal, the record should show their peremptory refusal to amend, and the judgment of the court dismissing their cause and adjudging the costs thereof against them.

A judgment is defined by our statute to be "a determination of the rights of the parties in an action at law. And it may be interlocutory or final, to be determined by the subject-matter and substantial purport thereof." Code, secs. 2970, 2971.

Now, if the court in this case had, upon either of the causes assigned, adjudged the demurrer good without more, and dismissed the case, this would have been a final determination of the rights of the parties, and a final judgment in the sense of the statute.

But the Circuit Court, in effect, concedes the plaintiffs' right of action and merely calls for a better declaration, and this is the scope and extent of the judgment as of record. This court, however, intimates no opinion upon that subject. We cannot undertake here to dismiss the plaintiffs' case for them in the court below, or to adjudge the costs, or to assume that the plaintiffs peremptorily refused to amend their declaration. The record must be its own interpreter, and it discloses nothing less or more than an interlocutory judgment in its strictest technical sense—not in any sense settling the rights of the parties, but merely adjudging the declaration bad and calling for a better one.

We hold that the motion to dismiss must be allowed, and the case go down for further proceedings; and in thus ruling, we but adhere to the uniform ruling of this court in like cases, which, as advised, has never been departed from: 4 Col., 248; 3 Hay., 411; 1 Tenn., 173; *Sumner* v. *Bowers*, MS., Nashville, 1872; *Carney* v. *Murphey*, MS., Nashville, 1872; 11 Wall., 380.