**KYLE v. UNITED STATES.**
**No. 13986.**

United States Court of Appeals
Ninth Circuit.
April 14, 1954.

See also 199 F.2d 756.

Arnold Thomas Kyle, in pro. per.

Sefton & Gartland, San Francisco, Cal., for appellant.

C. E. Luckey, U. S. Atty., Eugene, Or., for appellee.

Before HEALY and ORR, Circuit Judges, and LEMMON, District Judge.

HEALY, Circuit Judge.

Appellant Kyle is a life-timer in Alcatraz Prison. In March 1937 he was indicted with one Hetzer in the United States Court for the District of Oregon on three counts of felony charging conspiracy, the larceny by force and violence of money belonging to a national bank, and the larceny of such money by putting in jeopardy the lives of persons through the use of dangerous weapons. His codefendant Hetzer was apprehended, pleaded guilty, and was sentenced to a fine and 20 years in prison. Kyle himself apparently fled the jurisdiction and has never been in the custody of the United States marshal for the Oregon district since the finding of the indictment. It appears without controversy that he was subsequently convicted of bank robbery in the Southern District of California and sentenced to a term of 25 years at Alcatraz, and was thereafter sentenced to a consecutive term of five years on conviction for escape. Later, in the course of an attempt to escape, he killed a United States marshal and upon conviction of the murder was sentenced to a term of imprisonment for his natural life, concurrent with the previous sentences. Still later he attempted another escape, and has professed his purpose of escaping at any opportunity.

In August 1951, through court-appointed counsel, he moved in the United States court for Oregon for a speedy trial on the March 1937 indictment, or in the alternative for its dismissal. The court denied the motion for a speedy trial on the ground that it was without power to order the warden of Alcatraz Prison to bring Kyle to the Oregon jurisdiction, and upon the further ground of

a representation made by the Attorney General (over whom the court has no control) that Kyle's custody at Alcatraz will not be disturbed for the purpose of bringing him to Oregon for trial. The motion for dismissal of the indictment was also denied. From these orders Kyle has appealed.

We are of opinion that the order denying the motion for dismissal of the indictment is not appealable, and the appeal on that phase is accordingly dismissed. Cf. Conway v. United States, 9 Cir., 142 F.2d 202; Atlantic Fishermen's Union v. United States, 1 Cir., 197 F.2d 519. Likewise the denial of a motion for a speedy trial is not ordinarily appealable. Frankel v. Woodrough, 8 Cir., 7 F.2d 796; Shepherd v. United States, 8 Cir., 163 F.2d 974. However, we think that such an order may in appropriate circumstances be regarded as final and therefore appealable; and it would seem that the present is an instance in which review by appeal may be had. So treating the matter, we hold that the court was not in error in denying the motion to set the case for trial.

As remarked in Beavers v. Haubert, 198 U.S. 77, 86, 25 S.Ct. 573, 575, 49 L.Ed. 950, the constitutional right of an accused to a speedy trial "must be considered with regard to the practical administration of justice." There the Court further observed, 198 U.S. at page 87, 25 S.Ct. at page 576: "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." We recall, also, that Kyle's situation is in every particular of his own making, not the consequences of "oppressive delays manufactured by the ministers of justice." See Black's Constitutional Law, § 266. Taking into account the practicalities of the matter, it would be worse than idle for the Oregon court to set this man's case down for trial on the assumption that he may somehow find a way to be present. He has not attempted to make any showing to that effect, nor, as already observed, does he dispute the showing that the Attorney General has directed that his custody at Alcatraz be not disturbed. Should the court nevertheless be directed by us to set the cause for hearing at a definite date, it will be necessary to have a panel of jurors ready and for the government to prepare for trial as of that time, and to summon or otherwise obtain the presence of the necessary witnesses at who knows how great effort and expense—all to no purpose.

While for these reasons we shall not reverse the district court's decision, we feel under the necessity of recalling the possibility, however remote, that Kyle's sentence might hereafter be commuted to something less than life, in which event a present trial of the 1937 indictment would take on meaning and consequence of which it is currently devoid. We think it appropriate to suggest to the United States attorney that he call to the attention of the Attorney General this court's opinion, to the end that the Department of Justice further consider the matter of directing the warden to arrange for the presence of the accused in Oregon at such time as his case might be set for trial and communicate its conclusions to us and the District Court. The reasons for the existing Departmental attitude are not clearly disclosed by the record. We think the position taken would not be justified unless based on a well grounded apprehension that the man's removal to Oregon would pose serious hazards of escape or put in jeopardy the lives of his custodians or members of the general public.