**BEAUMONT INDEPENDENT SCHOOL DISTRICT, Plaintiff-Appellee,**

v.

**DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, Defendant-Appellant.**

**No. 74-2656.**

United States Court of Appeals, Fifth Circuit.

Nov. 15, 1974.

Rehearing and Rehearing En Banc Denied Jan. 3, 1975.

any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error."

Roby Hadden, U. S. Atty., Tyler, Tex., J. Stanley Pottinger, Asst. Atty. Gen., Brian K. Landsberg, Joseph D. Rich, Marie E. Klimesz, Attys., Dept. of Justice, Washington, D. C., Dennis R. Lewis, Asst. U. S. Atty., Beaumont, Tex., for defendant-appellant.

Robert Q. Keith, Hardy D. Akin, Beaumont, Tex., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L. Ed.2d 543, 556 (1971).

AINSWORTH, Circuit Judge:

The Department of Health, Education and Welfare contended in this case that the student and faculty assignment practices of the Beaumont Independent School District violated the equal protection clause of the United States Constitution and Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d). An appropriate order was sought from the District Court to remedy this condition.

After a full hearing the District Court rendered its judgment denying the relief sought by plaintiff except that the Court ordered uniformity in the grade structures of all junior and senior high schools. We hold that the District Court erred in granting inadequate relief and that the case should be remanded so that the further relief sought by plaintiff be granted.

The defendant School District has a current enrollment of 6,736 white and 6,628 black students (also a Spanish surnamed student population of 440). It is one of two independent School Districts in the City of Beaumont, Texas. Up to 1963, under Texas state law, the School District assigned students and faculty on the basis of race through the use of dual attendance zones. However, a freedom of choice desegregation plan was adopted by the School District beginning in 1965. Despite this plan, two thirds of the black students in the School District attend nine all black or virtually all black schools. The racial composition (white-black) of students enrolled in the elementary, junior high and high schools of the District is reproduced in the margin.[1]

It is obvious from even the most cursory examination of the student enrollment table and the white-black ratio set forth therein, that the public schools of the Beaumont Independent School District are not effectively desegregated and that appropriate steps must be taken by the School District to remedy this condition.

I. Students Enrolled

| | 1964–65 | | | 1973–74 | | |
|---|---|---|---|---|---|---|
| | W | B | % B | W | B | % B |
| **High Schools** | | | | | | |
| Beaumont (9–12) | 1165 | — | 0% | 720 | 272 | 24.7% |
| Charlton Pollard (10–12) | — | 1067 | 100% | — | 1062 | 100.0% |
| French (9–12) | 1191 | — | 0% | 1591 | 267 | 14.2% |
| **Junior High Schools** | | | | | | |
| Austin (6–8) | 732 | — | 0% | 1073 | 88 | 7.4% |
| Bowie (6–8) | 912 | — | 0% | 372 | 377 | 49.5% |
| Crockett (6–8) | 409 | — | 0% | 178 | 220 | 47.0% |
| Dunbar (7–9) | — | 616 | 100% | — | 505 | 100.0% |
| Lincoln (7–9) | — | 694 | 100% | — | 564 | 100.0% |
| **Elementary Schools** | | | | | | |
| Adams | — | 302 | 100% | — | — | closed |
| Averill | 277 | — | 0% | — | — | closed |
| Bethune (K–6) | — | 426 | 100% | — | 338 | 100.0% |
| Carver (1–6) | — | 665 | 100% | — | 436 | 100.0% |
| Dowling (K–6) | 466 | — | 0% | 32 | 344 | 88.9% |
| Edwards (1–5) | 465 | — | 0% | 205 | 70 | 25.0% |
| Field (K–5) | 631 | — | 0% | 617 | 48 | 7.1% |
| Fletcher (K–5) | 270 | — | 0% | 53 | 272 | 69.4% |
| French (K–5) | 572 | — | 0% | 182 | 257 | 56.2% |
| Guess (K–6) | 821 | — | 0% | 884 | 52 | 5.5% |
| Longfellow (K–5) | 606 | — | 0% | 540 | 57 | 9.0% |
| Lucas (K–5) | 451 | — | 0% | 35 | 272 | 88.6% |
| Martin (K–6) | — | 710 | 100% | — | 685 | 100.0% |
| Ogden (K–5) | 363 | — | 0% | 225 | 117 | 30.4% |
| Pipkin | — | 682 | 100% | — | — | closed |
| Washington (K–5) | — | 441 | 100% | — | 309 | 100.0% |
| **TOTAL** | 9331 | 5605 | | 6707 | 6612 | 48.1% |

██ It is not enough for the School District to point to its employment of freedom of choice since it is apparent that this method has not been successful in desegregating the schools. Under Green v. County School Bd. of New Kent Co., Va., 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968), freedom of choice is an unacceptable method of desegregation if it does not produce a unitary school system. *See also* Alexander v. Holmes County Bd. of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969). As the United States points out in its brief in this case, we have time and again disapproved the use of freedom of choice where it has failed effectively to desegregate public schools.[2]

Under the circumstances, the District Court is obliged to reconsider this case and require the School District to institute an effective plan which is constitutionally sound. On remand the District Court must follow the remedy set forth in detail in Cisneros v. Corpus Christi Independent School District, 5 Cir., 1972 (en banc), 467 F.2d 142, 152–153.[3]

As to faculty desegregation, the District Court is directed to comply with the requirement of Singleton v. Jackson Municipal Separate School Dist., 5 Cir., 1970 (en banc), 419 F.2d 1211.

Vacated and remanded for further proceedings.

---

2. *See, for example,* the following representative cases cited by the Government: United States v. Hinds County School Board, 5 Cir., 1969, 417 F.2d 852 (twenty-five school districts); United States v. Board of Education of Baldwin County, Ga., 5 Cir., 1969, 417 F. 2d 848; United States v. Choctaw County Board of Education, 5 Cir., 1969, 417 F.2d 838; United States v. Jefferson County Board of Education, 5 Cir., 1969, 417 F.2d 834 (two school systems); Hall v. St. Helena Parish School Board, 5 Cir., 1969, 417 F.2d 801 (thirty-six parish and two city school systems); Davis v. Board of School Commissioners of Mobile County, 5 Cir., 1969, 414 F.2d 609; United States v. Indianola Municipal Separate School District, 5 Cir., 1969, 410 F.2d 626; Anthony v. Marshall County Board of Education, 5 Cir., 1969, 409 F.2d 1287; Adams v. Mathews, 5 Cir., 1968, 403 F.2d 181 (forty-five school systems).

3. Some of the alternative methods set forth by us in *Cisneros* include pairing or clustering of schools in close proximity, the realignment of school assignment zones, and the relocation of portable schoolrooms. Another method is to restructure the assignment of students already being transported. Also, the Court must consider the pairing or clustering of schools in noncontiguous zones but must minimize student transportation requirements. Likewise, the use of a majority to minority transfer must be provided.