**UNITED STATES of America**

v.

**Domenic Nicholas DiSILVIO, Appellant.**

**No. 75–1083.**

United States Court of Appeals, Third Circuit.

Argued May 13, 1975.

Decided July 17, 1975.

Certiorari Denied Dec. 8, 1975. See 96 S.Ct. 447.

Richard L. Thornburgh, U. S. Atty., James J. West, David M. Curry, Asst. U. S. Attys., for appellee.

Thomas A. Livingston, Dennis J. Clark, Pittsburgh, Pa., for appellant.

## OPINION OF THE COURT

Before ADAMS, ROSENN and HUNTER, Circuit Judges.

JAMES HUNTER, III, Circuit Judge:

In this case, we must decide whether the double jeopardy clause bars the federal government from prosecuting appellant, Domenic DiSilvio, on a second indictment. The initial indictment was dismissed on defendant's motion after the jury had been impanelled and after evidence had been offered by the prosecution. We conclude that the double jeopardy clause does not bar a second trial. Accordingly, we affirm the district court's denial of appellant's motion to dismiss the second indictment.

## I.

Appellant DiSilvio was indicted for receipt and possession of radios stolen from an interstate shipment in violation of 18 U.S.C. § 659. After presentation of the government's case in a jury trial in April of 1974, DiSilvio moved for judgment of acquittal. The motion was denied.[1] DiSilvio then moved for dismissal of the indictment which was defective in failing to state the facility from which the theft had occurred. The district court granted DiSilvio's motion to dismiss the indictment.[2] A more complete indictment charging DiSilvio with the same violation of 18 U.S.C. § 659 was subsequently issued. DiSilvio's pretrial motion to dismiss was denied and the instant appeal followed.[2a]

1. DiSilvio appealed from the denial of his motion for acquittal. This court held that under 28 U.S.C. § 1291, it was without jurisdiction to review such a non-final order.

2. Relying on this court's decision in *United States v. Manuszak,* 234 F.2d 421 (3d Cir., 1956), the district court dismissed the indictment. The government appealed from the dismissal of the first indictment and we affirmed.

2a. It is the general rule that a defendant may not appeal from a denial of a motion to dismiss since there has been no final order as required by 28 U.S.C. § 1291. In *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Supreme Court carved out an exception to the final judgment rule where denial of an immediate appeal would effectively deny review. In *Cohen* the court reviewed a denial of defendant's request that plaintiffs file an expense bond in a shareholder's derivative suit as required by state law stating that "the rights conferred by the statute if it is applicable, will have been lost probably irreparably," 337 U.S. at 546, 69 S.Ct. at 1225, unless immediate review is permitted.

With the Fourth Circuit, we deem this *Cohen* language especially appropriate in the double jeopardy context. *United States v. Lansdown,* 460 F.2d 164, 170, et seq. (4th Cir., 1972). In *Lansdown* the court stated:

We believe that the district court's denial of a motion to dismiss based on a claim of double jeopardy is a final and appealable order under *Cohen.* First, defendant's right is under the fifth amendment and it is separable from, and collateral to, the main cause of action, which is whether he is innocent or guilty of the crimes charged. Second, the right claimed is a constitutional one and, as such, is too important to be denied review. Finally, if review is not had now, the right claimed—to be free from being twice forced to stand trial for the same crime—will be irreparably lost. 460 F.2d at 164.

This analysis is equally appropriate under *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), where the continuing validity of *Cohen* was indicated.

As such, we conclude that 28 U.S.C. § 1291 does not bar us from reviewing the denial of a motion to dismiss an indictment on double jeopardy grounds.

We note that in another context, state habeas corpus, we have recently held a state court's rejection of claims that a second trial is barred on double jeopardy grounds to be reviewable before the state defendant is subjected to a second trial. Although these cases dealt with exhaustion of state remedies rather than finality under § 1291, we stated that denial of immediate review would cause the habeas petitioner to forfeit the interests double jeopardy seeks to protect. *See: United States ex rel. Webb v. Court of Common Pleas,* 516 F.2d 1034 (3d Cir., 1975); *United States ex rel. Stewart v. Hewitt,* 517 F.2d 993 (3d Cir., 1975). That analysis is equally relevant in the finality context.

## II.

DiSilvio argues that, although he moved for dismissal of the first indictment, we must grant the requested relief because the evidence offered by the government in the first trial was insufficient to support a guilty verdict. The first trial ended not because of any assessment of the evidence but because the district court ruled as a matter of law that the indictment was defective. We conclude that the evidence introduced at the trial on the original indictment was sufficient to make out a prima facie case under the statute. Therefore, we need not address DiSilvio's contention that the double jeopardy clause prohibits the government from trying a defendant on a legally sufficient indictment when at a previous trial based on a defective indictment devoted to the same allegedly criminal act the prosecutor has rested his case without establishing all the elements of the offense. Our focus for purposes of this appeal is directed solely at the district court's dismissal of the indictment.

The Supreme Court has consistently held that the double jeopardy clause does not bar reprosecution of a defendant who succeeds in overturning his conviction on appeal. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *United States v. Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896).[3] *See: United States v. Beard,* 414 F.2d 1014, 1017 (3d Cir., 1969) (where we stated that reversal of a conviction obtained under a defective indictment did not bar retrial.) Similarly, the Supreme Court has stated: "Where circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial errors." *United States v. Jorn,* 400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L.Ed.2d 543 (1970); *United States v. Tateo,* 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964).[4] In this Circuit, the cases applying the double jeopardy provision have been consistent with the above statement by the Supreme Court. *United States v. Pappas,* 445 F.2d 1194, 1200 (3d Cir., 1971) *cert. denied sub nom; Mischlich v. United States,* 404 U.S. 984, 92 S.Ct. 449, 30 L.Ed.2d 368 (1971); *United States ex rel. Montgomery v. Brierley,* 414 F.2d 552, 558 (3d Cir., 1969) *cert. denied* 399 U.S. 912, 90 S.Ct. 2206, 26 L.Ed.2d 566 (1970). *See also: United States v. Jamison,* U.S.App.D.C., 505 F.2d 407, 410 (1974); *United States v. Romano,* 482 F.2d 1183, 1187 (5th Cir., 1973);[5] *United States v. Goldstein,* 479

---

**3.** Reversals or mistrials granted on the basis of insufficient evidence or any other assessment of the facts presented at trial do bar reprosecution. *Fong Foo v. United States,* 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962).

**4.** Where a mistrial is declared, not in response to a motion by defendant, but by the trial court *sua sponte,* the double jeopardy clause requires that a more stringent test be applied. A *sua sponte* mistrial is justified only when the "manifest necessity" test of *United States v. Perez,* 9 Wheat. (22 U.S.) 579, 580, 6 L.Ed. 165 (1824) has been satisfied. *United States v. Jorn,* 400 U.S. at 485, 91 S.Ct. 547, 27 L.Ed.2d 543; *United States ex rel. Russo v. Superior Court,* 483 F.2d 7, 12 (3d Cir.) *cert. denied,* 414 U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 315 (1973). It should be noted that even under this stringent "manifest necessity" test, a trial court's *sua sponte* declaration of a mistrial upon discovery of a defective indictment has been held not to bar reprosecution under the double jeopardy clause. *Illinois v. Somerville,* 410 U.S. 458, 469, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1972). If retrial was constitutionally proper on the facts of *Somerville* where the trial court declared a mistrial without defendant's consent, surely retrial is proper in the instant case where defendant's own motion initiated the declaration of a mistrial.

**5.** Over a strong dissent, the Fifth Circuit has more recently barred retrial of a defendant who moved for a mistrial when the trial judge acted precipitously in banishing defense counsel. *United States v. Dinitz,* 492 F.2d 53 (5th Cir., 1974). The decision was affirmed by a divided court *en banc,* 504 F.2d 855 (5th Cir., 1974). The decision seems to go beyond the *Jorn* dicta that *severe* judicial overreaching which causes the defendant to move for mistrial must be shown before retrial will be barred. Even under the *Dinitz* court's expansive interpretation of the double jeopardy bar, DiSilvio could expect no relief. DiSilvio has failed to allege any abuse by the court or prosecution.

F.2d 1061, 1066 (2d Cir., 1973); *Roberts v. United States,* 477 F.2d 544, 545 (8th Cir., 1973); *United States v. Franki,* 409 F.2d 958, 959 (7th Cir., 1969); *Raslich v. Bannan,* 273 F.2d 420 (6th Cir., 1959).[6]

In the instant case DiSilvio does not even allege that he was forced to seek a mistrial because of any intentional misconduct by the court or prosecution. At most, the United States Attorney was negligent in preparing a defective indictment. In *Jorn,* the Supreme Court suggested that negligent errors by the government which necessitate defendant's motion for a mistrial, are not sufficient to bar reprosecution. The court stated:

> The determination to allow reprosecution in these circumstances reflects the judgment that the defendant's double jeopardy interests, however defined, do not go so far as to compel society to so mobilize its decision making resources that it will be prepared to assure the defendant a single proceeding free from harmful governmental or judicial errors. 400 U.S. at 484, 91 S.Ct. at 556.

The language makes clear that a defendant need not be set free on double jeopardy grounds where negligence on the part of the government requires the court to grant defendant's motion for a mistrial.

**6.** It has been suggested that a defendant who moves for a mistrial or who seeks a reversal of a criminal conviction has *waived* his double jeopardy objection. *Green v. United States,* 355 U.S. 184 at 189, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); *United States v. Lansdown,* 460 F.2d 164 at 171 n. 8 (4th Cir., 1972). The Supreme Court recently noted in *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013 at 1022, 43 L.Ed.2d 232 (1975) "[that] the practical justification of the exception is simply that it is fairer to both the defendant and the [g]overnment."

**7.** We note that the Supreme Court's recent double jeopardy cases are not helpful to DiSilvio. In *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), retrial was not required since the district court had ruled in post guilty verdict motion that pre-indictment delay required dismissal of the indictment. Appeal was allowed since a decision in the government's favor would not require re-

Absent a showing of more than mere negligent error by the United States Attorney in the preparation of the first indictment, DiSilvio's argument in this case is without merit.[7]

### III.

For the foregoing reasons, the district court's denial of the motion to dismiss the indictment will be affirmed.

trial. The jury verdict rendered at the first trial could merely be reinstated.

In *United States v. Jenkins,* 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975), the district court as trier of fact dismissed the indictment after presentation of the government's case. The Supreme Court agreed that appeal and reprosecution were barred since the dismissal, based as it was on facts adduced at trial, was tantamount to a judgment of acquittal. Reprosecution would require a second "resolution of factual issues going to the elements of the offense charged . . . ." 95 S.Ct. at 1013.

In *Serfass v. United States,* 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975), the indictment was dismissed in pretrial proceedings before jeopardy had even attached. Government appeal was clearly proper in *Serfass.*

None of these cases addresses the effect of a *legal* ruling, made on *defendant's* motion, after jeopardy has attached, thus leaving *Jorn* as the last case to discuss, albeit in *dicta,* the issue raised by DiSilvio.