139 N.J. Super. 360 (1976)
354 A.2d 97
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SAMUEL LEE HUDSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 4, 1976.
Decided February 25, 1976.
*361 Before Judges ALLCORN, KOLE and KING.
Mr. James I. Peck IV, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Kenneth P. Ply, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
*362 PER CURIAM.
Defendant Hudson was found guilty by a jury of armed robbery and was sentenced to a 12-month term for robbery and an additional 6-month consecutive term for being armed, to be served at the Essex County Correction Center. He appeals, contending that the trial judge erred in denying his motion to dismiss the indictment on the ground that the defense of double jeopardy barred his retrial. A previous trial, in which Hudson and Joseph Alston, Jr. were codefendants, came to an end when the judge declared a mistrial sua sponte in order that each defendant could be tried separately.
At the inception of the joint trial the judge asked all counsel whether there were any problems or "any matters or anything that had to be taken care of." It was represented to the court that a "Wade * * * hearing was necessary." Neither the prosecutor nor defense counsel advised the judge that there might be any problem with respect to statements that had been made by defendants.
The Wade hearing was held and the jury was sworn, but no evidence had been presented. At that point, outside of the jury's presence, the prosecutor informed the judge that he intended to use statements of each defendant which inculpated himself and his codefendant.
There is no doubt that the prosecutor had failed to comply with R. 3:15-2 (a) requiring him to move before trial for a court determination "as to whether such portion of the statement * * * involving [the] * * * other defendant can be effectively deleted therefrom," thereby permitting the judge to determine before trial whether separate trials of the defendants were necessary. There is also no doubt that the prosecutor's noncompliance was inadvertent or negligent, rather than an attempt to be oppressive or the result of bad faith or overreaching; and that before trial defendants knew that he might use the statements and were aware of the contents thereof.
In this setting the trial judge was required to determine, under R. 3:15-2(a), whether to refuse to admit the statements *363 at trial or to "take such other action as the interest of justice requires." See State v. Barnett, 53 N.J. 559 (1969); State v. Young, 46 N.J. 152 (1965).
After examining the statements the judge decided that the offending portions thereof could not be deleted in such fashion that the modified statements would be admissible at the joint trial without prejudicing both defendants. Defendants agreed with this determination but urged that the trial continue and that use of either statement be barred. The prosecutor refused to proceed without the statements. Over the objections of the prosecutor and defendants, the judge declared a mistrial and ordered a severance, in the exercise of his discretion under R. 3:15-2(a), as being in the best interest and for the protection of defendants.
Adverting to the fact that, despite his invitation before trial to present any problems in the case, none of the parties mentioned the statements, the judge stated that the mistrial was "being brought about by all parties concerned," that the blame "rests on" neither the State nor defense counsel, and that there was "just a failure in communication" between counsel and the court.
Thus, the judge aborted the joint trial proceedings before any evidence was presented to the jury.
The availability of the defense of double jeopardy whenever a criminal trial is terminated by a declaration of a mistrial must be determined in the light of the circumstances of each case. Illinois v. Somerville, 410 U.S. 458, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973); State v. Farmer, 48 N.J. 145 (1966), cert. den. 386 U.S. 991, 87 S.Ct. 1305, 18 L.Ed.2d 335; State v. Kluber, 130 N.J. Super. 336 (App. Div. 1974), certif. den. 67 N.J. 72 (1975).
In light of the circumstances of this case that we have set forth, we are satisfied that the termination of the joint trial by a declaration of a mistrial was manifestly necessary to protect the rights of defendants and was required to serve the public's interest in fair trials that end in just judgments. The exclusion of the statements from *364 evidence at that trial would have defeated the legitimate demand for public justice. A mistrial and a severance was the only fair course remaining at that point in the proceedings. That the problem here involved resulted largely from the failure of the prosecutor to move with respect to the statements before trial is of no moment in the present factual setting.
We hold, essentially for the reasons given by the trial judge in denying the motion to dismiss the indictment in the present case, that the claim of double jeopardy as a bar to the second trial  the present proceedings  is without substance. See Illinois v. Somerville, supra; Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961); State v. Farmer, supra; State v. Kluber, supra; United States v. Di Silvio, 520 F.2d 247 (3 Cir.1975); United States v. Alford, 516 F.2d 941 (5 Cir.1975).[1]
We do not condone the failure of the prosecutor to move before trial under R. 3:15-2(a). The prosecutor must scrupulously comply with the rule in order to avoid the kind of problem which has been presented in the instant case.
There is no basis whatsoever for a claim that the declaration of the mistrial enabled the State to try a better case at the second trial.
Affirmed.
NOTES
[1] Contrast United States v. Glover, 506 F.2d 291 (2 Cir.1974), where, at the prosecutor's request, the judge granted a mistrial and severance as to Glover because his statement, which the prosecutor wished to introduce, would have inculpated his codefendants even with redaction. The offer of the statement and the mistrial occurred after four days of trial. The case is plainly distinguishable. There the mistrial was not for the benefit of defendant Glover but solely for the benefit of his codefendants. Additionally, the prosecutor wished to use the statement after other evidence had been introduced at trial and had moved for the mistrial. In the instant case the mistrial, because of the statements, was designed to protect both defendants, was granted before any evidence had been presented to the jury, and was objected to by all parties, including the prosecutor.