**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald Dennis YOUNG,
Defendant-Appellant.**

No. 75–3102.

United States Court of Appeals,
Ninth Circuit.

Oct. 19, 1976.
Certiorari Denied Dec. 13, 1976.
See 97 S.Ct. 643.

Philip A. DeMassa (argued), San Diego, Cal., for defendant-appellant.

John J. Robinson, Asst. U. S. Atty., San Diego, Cal. (argued), Terry J. Knoepp, U. S. Atty., John J. Robinson, Asst. U. S. Atty., San Diego, Cal., on the brief, for plaintiff-appellee.

Before CHOY and WALLACE, Circuit Judges, and RICHEY,* District Judge.

MARY ANNE RICHEY, District Judge:

The question presented on this appeal is whether a district court's denial of a motion to dismiss an indictment is a final and appealable order within the meaning of 28 U.S.C. § 1291 where the challenge to the indictment is founded on a claim of double jeopardy. Because we answer in the negative, we dismiss the appeal for lack of jurisdiction and do not reach the merits of appellant's constitutional claim.

In 1974 appellant was convicted in federal district court of conspiracy to possess with intent to distribute, and possession with intent to distribute, cocaine under 21 U.S.C. §§ 841(a)(1) and 846. In June 1975 appellant filed a motion for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The motion .was granted after an evidentiary hearing at which a former co-defendant testified in a manner tending to exonerate appellant. Appellant's second trial commenced on July 29, 1975. During the retrial, appellant filed two motions for judgment of acquittal. Both were denied. The case was submitted to the jury August 1. After the jury had deliberated for almost two days, the court polled the jurors as to the likelihood of reaching a unanimous verdict. The jurors responded that there was no reasonable probability of reaching a verdict if given additional time. Without objection from counsel, the court declared a mistrial. Retrial was scheduled for August 20. On August 12, appellant moved to dismiss the indictment on the ground that further prosecution of the case would constitute a violation of his fifth amendment guarantee against double jeopardy. After consideration of appellant's 'arguments, the district court denied the motion. Appellant thereafter filed notice of appeal from the orders of the district court denying the motions for acquittal and the motion to dismiss the indictment. He alleges jurisdiction in this Court pursuant to 28 U.S.C. § 1291.

■■ Title 28 U.S.C. § 1291 provides for jurisdiction "of appeals from all final decisions of the district courts of the United States." In the context of a mistrial, the denial of a motion for acquittal is not a final order. *United States v. Carey*, 475 F.2d 1019, 1021 (9th Cir. .1975); *United States v. Kaufman*, 311 F.2d 695, 698–699 (2d Cir. 1963). Therefore this Court is without jurisdiction to review the district court's denial of the motions for acquittal until final judgment is rendered. Similarly, as a general rule the denial of a motion to dismiss an indictment is not a final order within the meaning of the statute *People of Territory of Guam v. Lefever*, 454 F.2d 270 (9th Cir. 1972); *Kyle v. United States*, 211 F.2d 912 (9th Cir. 1954). Thus, were it not for appellant's claim of double jeopardy, this case could be disposed of by memorandum. However, several circuits recently have carved out an exception to the general rule of finality where a claim of former jeopardy is raised. Since the issue is one of first impression in this Circuit, we examine the question at some length.

■ Appellate review is not a constitutional entitlement. It is a purely statutory right, and to avail oneself of that right, one must satisfy the terms of the statute. Under 28 U.S.C. § 1291, the essential condition of review is that there be a "final decision" in the case. This prerequisite of finality is founded on the long-standing policy of avoidance of piecemeal review: "Finality as a condition of review is an historic characteristic of federal appellate procedure. It was written into the first Judiciary Act and has been departed from only when observance of it would practically defeat the right to any review at all. Since the right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice, Congress from the very beginning has, by forbidding piecemeal dis-

* The Honorable Mary Anne Richey, United States District Judge for the District of Arizona, sitting by designation.

position on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial administration." *Cobbledick v. United States,* 309 U.S. 323, 324–325, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940). *See also Di Bella v. United States,* 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962).

■ The district court's denial of appellant's motion to dismiss was not final in the sense of terminating the litigation, for "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." *Berman v. United States,* 302 U.S. 211, 212, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937). Appellant, however, argues that his claim of double jeopardy removes the case from the general rule of finality. Relying on the doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and its adaptation in *United States v. Lansdown,* 460 F.2d 164 (4th Cir. 1972), he contends that the motion to dismiss the indictment involved issues collateral to the main action and that to deny appeal at this time will preclude effective review of his constitutional claim. For reasons stated below, we find *Cohen* inapplicable to the instant situation.

In *Cohen* the Supreme Court recognized an exception to the rule of "finality" for orders made during the course of litigation which related to matters outside the main cause of action and which would not be subject to effective review as part of final judgment in the action. There the district court had denied defendants' request that plaintiffs file an expense bond in a shareholders' derivative suit as required under state law. In effect, the district court or-

der had finally determined the rights at stake. Moreover, the order "did not make any step toward final disposition of the merits of the case and [would] not be merged in final judgment." 337 U.S. at 546, 69 S.Ct. at 1225.

The alleged right to the posting of a security bond was "separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1225. The Court held the district court's order appealable because it was "a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." 337 U.S. at 547, 69 S.Ct. at 1226.

In subsequent decisions the Court has made clear that the *Cohen* doctrine should be limited to those few situations where the order appealed from is truly collateral to the main cause of action and not subject to review on appeal from a final judgment. In *Parr v. United States,* 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956), the Court rejected appellant's argument that the *Cohen* rationale should be applied to allow appeal from a dismissal of an indictment. There the government had obtained a second indictment in another district and then moved for leave to dismiss the first indictment. The district court granted the motion and defendant appealed. Finding that the district court's action was a step toward final disposition of the case and would be merged in the final judgment, the Court concluded that the order in question was not appealable. 351 U.S. at 519–520, 76 S.Ct. 912.[1]

---

1. The narrow applicability of *Cohen* was recently made clear in *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), where the Court held appealable a district court's order imposing notice costs on the plaintiff class. The two grounds for the *Cohen* holding were set forth: (1) the order appealed from conclusively settled the rights at stake, and (2) the order concerned a collateral matter which could not be reviewed on final judgment. At 171, 94 S.Ct. 2140. A decision from this Circuit further illustrates the rigorous

standard imposed by *Cohen.* In *Higgins v. United States,* 205 F.2d 650 (9th Cir. 1953), we allowed appeal from an order adjudging defendant incompetent to stand trial. There we stated: "The order does not purport to merely refuse trial from day to day at the convenience of the court or for a short period of time to enable defendant to recover from a temporary upset. It is, in nature, the kind of order which would never be reviewed on direct appeal after trial." At 652. *See also Kyle v. United States,* 211 F.2d 912 (9th Cir. 1954).

The extension of the *Cohen* doctrine upon which appellant relies and which we today reject is found in *United States v. Lansdown, supra.* There the Fourth Circuit held that a district court's denial of a motion to dismiss an indictment based on a claim of double jeopardy was a final and appealable order. In the court's view, the right asserted under the fifth amendment met the criteria of the *Cohen* ruling: it was separable from the main issue of guilt or innocence; it was constitutional in nature and, thus, too important to be denied review; and it would be irreparably lost if review were not had before trial. 460 F.2d at 171. The court concluded that to provide a defendant with the full protection of the guarantee against double jeopardy, the decision as to whether jeopardy has attached must be reviewed prior to any retrial.[2] *Lansdown* has been adopted in three other circuits. *United States v. Barket,* 530 F.2d 181 (8th Cir. 1975); *United States v. DiSilvio,* 520 F.2d 247 (3d Cir. 1975); *United States v. Beckerman,* 516 F.2d 905 (2d Cir. 1975).[3]

In *United States v. Bailey,* 512 F.2d 833 (5th Cir. 1975), the Fifth Circuit refused to follow *Lansdown.* The court reasoned that the presence of a double jeopardy claim did not transform the trial court's interlocutory order into a final decision.

> But even if it were assumed that the second trial was forbidden as double jeopardy, that does not invest us with jurisdiction to vindicate such right. The Constitution does not guarantee an appeal. That comes wholly from the statute. . . . At least so long as a criminal case is pending, review of such matters, as for example, unlawful search and seizure, unlawful arrest, unlawful detention, unlawful indictment, unlawful confession,

must await the trial and its outcome. 512 F.2d at 835, quoting from *Gilmore v. United States,* 264 F.2d 44, 46 (5th Cir. 1959).

 We agree with the Fifth Circuit. Review of the district court's denial of appellant's motion to dismiss the indictment should be postponed until final judgment is obtained. Unlike the defendant's request for an expense bond in *Cohen,* appellant's claim of double jeopardy does not concern a purely collateral matter. Rather, it is a challenge to the validity of the prosecution itself. The district court's rejection of appellant's claim was a step toward final resolution of the main action. The constitutional claim will be merged in the final judgment and may be reviewed on appeal from that judgment.

 In so holding, we do not overlook the unique nature of the double jeopardy guarantee as compared to other constitutional rights. Unlike a fourth amendment claim or a claim based on the guarantee against self-incrimination, the double jeopardy claim goes to the very power of the government to bring an individual into court to answer the charge against him. *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). Denying review at this time may subject appellant to a prosecution which the government has no right to initiate. However, "[b]earing the discomfiture and cost of a prosecution for crime even by an innocent person is one of the painful obligations of citizenship. The correctness of a trial court's rejection even of a constitutional

---

2. We note that the court expressly narrowed the applicability of its holding "to that very small number of criminal cases in which a mistrial is declared against the wishes of the defendant." 460 F.2d at 172. Thus, on its face, the decision does not encompass the present proceedings. However, the Fourth Circuit has subsequently given the case broad application. *See United States v. MacDonald,* 531 F.2d 196 (4th Cir. 1976).

3. In *United States v. Alessi,* 544 F.2d 1139 (2d Cir. 1976), the court, in a lengthy discussion, expressed disagreement with the holding of *Lansdown,* but bowed to its own precedent, noting the grant of certiorari June 14, 1976, 426 U.S. 934, 96 S.Ct. 2646, 49 L.Ed.2d 385, in *Abney v. United States,* 530 F.2d 963 (3d Cir. Feb. 9, 1976).

claim made by the accused in the process of prosecution must await his conviction before its reconsideration by an appellate tribunal." *Cobbledick, supra,* 309 U.S. at 325–326, 60 S.Ct. at 541.

Moreover, denying interlocutory review of appellant's double jeopardy claim is consistent with early opinions from the Supreme Court. In *Rankin v. State,* 78 U.S. (11 Wall.) 380, 20 L.Ed. 175 (1870), the Court held that a state court's rejection of defendant's plea of a prior acquittal for the same offense was not a final judgment and, thus, not appealable. And in *Heike v. United States,* 217 U.S. 423, 30 S.Ct. 539, 54 L.Ed. 821 (1910), the Court found non-appealable a district court's denial of defendant's plea of immunity to further prosecution.[4]

Finally, we note that the delays and disruptions caused by intermediate appeals are especially detrimental to the effective administration of the criminal law. *DiBella v. United States, supra.* Rather than give 28 U.S.C. § 1291 an unduly expansive interpretation, we prefer to limit aggrieved defendants to review after final judgment, or, under exceptional circumstances, to relief pursuant to the extraordinary writs.[5]

Appeal dismissed.

---

**4.** In dicta the Court in *Heiki* remarked that a plea of double jeopardy was likewise not appealable until final judgment. "[A] plea of former conviction under the constitutional provision that *no person shall be twice put in jeopardy for the same offense* does not have the effect to prevent a prosecution to final judgment, although the former conviction or acquit-tal may be finally held to be a complete bar to any right of prosecution . . .." 217 U.S. 433, 30 S.Ct. 543.

**5.** Title 28, Rules of Appellate Procedure, Rule 21. *See, e. g., Goldman, Sachs & Co. v. Edelstein,* 494 F.2d 76 (2d Cir. 1974).