**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John H. THOMAS and Jon-T Farms, Inc., a corporation, Defendants-Appellants.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John H. THOMAS, also known as J. H. Thomas, Defendant-Appellant.**

Nos. 78–5249, 78–5374.

United States Court of Appeals, Fifth Circuit.

May 23, 1980.

Travis D. Shelton, Lubbock, Tex., Michael E. Tigar, John J. Privitera, Washington, D. C., for defendants-appellants.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Bob D. Slough, Asst. U. S. Atty., Lubbock, Tex., for plaintiff-appellee.

Before GEE and VANCE, Circuit Judges, and HUNTER,* District Judge.

GEE, Circuit Judge:

Former opinions in this case detail at length its facts and earlier proceedings. *United States v. Thomas*, 593 F.2d 615 (5th Cir. 1979), *modified on rehearing*, 604 F.2d 450 (5th Cir. 1979). On those appeals, we concluded that a remand was required for the district court to determine whether additional charges levelled in new indictments resulted from actual prosecutorial vindictiveness. That has now been done. The district court concluded that such vindictiveness was not present, and we affirm.

That portion of the procedural history material here is well described in the memorandum opinion of the district court on remand:

The circumstances surrounding these cases stretch back over several years to 1975. Originally John H. Thomas, Jon-T Farms, Inc. and A. Earl Jones were indicted in a seventy-two count indictment charging violation of 15 U.S.C. § 714m(a) and (b). Seventy-one counts of the indictment charged the defendants with the making of false statements under § 714m(a). The remaining count involved the fraudulent inducement of the issuance of a Commodity Credit Corporation sight draft. On November 26, 1975, this court dismissed sixty-seven of the counts on the ground that the dismissed counts did not allege and identify the statements which were alleged to be false. . . . Subsequently, two additional counts were dismissed by this court and the remaining counts were dismissed on the motion of the government. Additionally, the motion to sever by defendant A. Earl Jones was granted.

The dismissals were without prejudice to the right of the government to again present evidence to the grand jury concerning these charges. In 1977 evidence was presented to a different grand jury and on May 5, 1977, an indictment was returned in CR–5–77–14, the Cotton Case, charging John H. Thomas and Jon-T Farms, Inc. in ninety-two counts. Forty-four of the counts in the new indictment alleged the making of false statements under § 714m(a) and forty-eight of the counts alleged conversion of Commodity Credit Corporation funds under § 714m(c). This 1977 indictment was different from the prior 1975 indictment in that the prior indictment did not contain any conversion counts and the new indict-

---

* Senior Judge of the Western District of Louisiana, sitting by designation.

ment dropped several of the false statement counts found in the 1975 indictment. The defendants contend that this re-indictment, with the additional penalties that could be imposed over those which could have been imposed under the first indictment was the result of prosecutorial vindictiveness. John H. Thomas, individually, also alleges that his indictment in the CR–5–55–13, the Tax Case by the same 1977 grand jury at approximately the same time was also the result of prosecutorial vindictiveness.

Our reasons for affirming the district court are simply stated. In our opinions cited above we determined that the presence or absence of actual prosecutorial vindictiveness, as opposed to the appearance or apprehension of it, was the governing test to be applied in passing on the permissibility of the government's additional charges. That is the law of this case.[1]

The district court, on evidence which we have carefully examined and find amply sufficient, concluded that the government had carried its burden to demonstrate an absence of actual vindictiveness here. The conversion counts were added out of a proper concern by the prosecutor to have a second bowstring should the false statement counts be again dismissed. The tax charges grew naturally out of developments in the continuing grand jury proceedings in the cotton cases, developments which included the later recantation by a witness of earlier perjurious and misleading testimony which had appeared to absolve the defendant. By the time of the later indictment, the facts had unfolded to such a degree that a prosecutorial failure to go forward with the tax case would have been a dereliction of duty. There it ends.[2]

AFFIRMED.

---

1. Even if it were not, the authority of our decision in *Jackson v. Walker*, 585 F.2d 139 (1978), on which we relied in positing a balancing test to determine whether a showing of actual or merely apprehended vindictiveness would be required, may be substantially undermined by the Supreme Court decision in *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), an authority which our cases on this subject do not appear to have taken into account. The dissent in *Bordenkircher* views that decision as signalling a general retreat from *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), see 434 U.S. at 365–6, 98 S.Ct. at 669–670; and this may be so.

See the thoughtful and searching analysis of the Sixth Circuit in *United States v. Andrews*, 612 F.2d 235 (1980).

2. We have retained jurisdiction of the entire case for the convenience of the parties, to avoid the necessity of their going forward piecemeal. Our work is now done, subject only to any rehearing which may be sought of the matters here decided. Subject only to further order of this court issued in that connection, mandate in the entire case shall issue in accordance with customary procedures.

