**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**E. A. GREGORY and Vonna Jo Gregory, G. W. Atkinson and Robert T. Spurlock, Jr., Defendants-Appellants.**

**Nos. 80–7642, 80–7644.**

United States Court of Appeals,
Fifth Circuit.
Unit B

Sept. 25, 1981.

Rehearing Denied Oct. 28, 1981.

Sonnenschein & Rosenthal, James F. Holderman, John I. Grossbart, Chicago, Ill., for E. A. Gregory and Vonna Jo Gregory.

Roger M. Sherman, Pensacola, Fla., for Atkinson and Spurlock, Jr.

W. A. Kimbrough, U. S. Atty., Mobile, Ala., Mervyn Hamburg, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before TUTTLE, RONEY and ANDERSON, Circuit Judges.

RONEY, Circuit Judge:

On this interlocutory appeal, defendants challenge the denial of two pretrial motions in which they sought *first*, the dismissal of the indictment on the ground of prosecutorial vindictiveness, and *second*, the disqualification of the trial judge because of bias, 508 F.Supp. 1218. Defendants petition in the alternative for a writ of mandamus ordering recusal of the trial judge. We hold that an interlocutory appeal does not lie from either of the rulings by the district court, and that defendants fail to show the exceptional circumstances necessary to support a writ of mandamus.

The appealability of the district court's denial of the two motions is governed by 28 U.S.C.A. § 1291. That statute adopts a rule of finality, by which Congress has provided the courts of appeals with jurisdiction to review only "final decisions of the district courts." *See generally Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *Catlin v. United States*,

324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945).

■ Consistent with the congressional intent expressed in section 1291, a firm judicial policy exists against interlocutory or "piecemeal" appeals. As the Supreme Court stated:

This rule, that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits, serves a number of important purposes. It emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the District Judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of "avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment." [citation omitted]. The rule also serves the important purpose of promoting efficient judicial administration.

*Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981). *See also Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *DiBella v. United States,* 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962). This rule of finality is particularly in force in criminal prosecutions because "encouragement of delay is fatal to the vindication of the criminal law." *United States v. MacDonald,* 435 U.S. 850, 854, 98 S.Ct. 1547, 1549, 56 L.Ed.2d 18 (1978) (quoting *Cobbledick v. United States,* 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940)).

The Supreme Court, however, has recognized a narrow exception to the rule of finality, which it first articulated in the oft-cited case of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The *Cohen* exception was designed to permit the immediate appeal of collateral matters that could not be reviewed effectively on appeal from the final judgment.

■ The Court has held a pretrial order denying a motion to dismiss the indictment on double jeopardy grounds is appealable within the *Cohen* collateral-order exception. *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). It reasoned the right against double jeopardy was not only to be free from subsequent *convictions* but also from successive *prosecutions,* and this right would be irreparably lost if the appeal from the order denying the claim awaited final judgment. The Court, however, expressly held its ruling did not extend to other claims presented in a motion to dismiss an indictment:

In determining that the courts of appeals may exercise jurisdiction over an appeal from a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds, we, of course, do not hold that other claims contained in the motion to dismiss are immediately appealable as well. Our conclusion that a defendant may seek immediate appellate review of a district court's rejection of his double jeopardy claim is based on the special considerations permeating claims of that nature which justify a departure from the normal rule of finality. Quite obviously, such considerations do not extend beyond the claim of former jeopardy and encompass other claims presented to, and rejected by, the district court in passing on the accused's motion to dismiss.

431 U.S. at 662–63, 97 S.Ct. at 2042 (citation omitted). To be appealable, then, the denial must infringe upon a right which, because of its unique nature, can only be protected by immediate review.

The Supreme Court has considered the issue of immediate review in two later criminal cases. In *Helstoski v. Meanor,* 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979), the Court held a Congressman was entitled to an interlocutory appeal of the refusal to dismiss an indictment on the ground it violated the Speech or Debate Clause, because that clause protected the right to be free from litigation arising out of conduct on the floor of Congress. In *United States v. Mac-*

*Donald,* 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978), on the other hand, the Court held that where the motion to dismiss the indictment rests on a speedy trial claim, there is no right to an immediate appeal. The Court reasoned that unlike the double jeopardy claim in *Abney,* the speedy trial claim was not a right "the legal and practical value of which would be destroyed if it were not vindicated before trial." *Id.* at 860, 98 S.Ct. at 1552.

With these Supreme Court principles in mind, we turn to the particular claims presented in the instant case.

1. *Motion to Dismiss the Indictment*

Defendants, G. W. Atkinson, Robert Spurlock, E. A. Gregory and his wife, Vonna Jo, were indicted in May 1980 by a federal grand jury for conspiracy, wire fraud and willful misapplication of bank funds. 18 U.S.C.A. §§ 371, 656, 1343. The charges arose out of the 1978 financial collapse of the Wilcox County Bank of Camden, Alabama, of which defendants were officers and directors.

In a motion to dismiss the indictment, defendants claimed "prosecutorial vindictiveness," indicated by comments the prosecutor allegedly made to them to the effect he was "after" them, by the continuing efforts of agents of the Federal Deposit Insurance Corporation (FDIC) to obtain state and federal indictments against them, and by various pretrial legal maneuvers taken by the prosecutor. The district court denied their motion to dismiss without an evidentiary hearing.

█ Defendants' claim of prosecutorial vindictiveness does not seek to protect a right the special nature of which presents a compelling need for immediate review, and therefore does not fall within the *Cohen* exception. Defendants fail to establish how "the legal and practical value" of their rights would be destroyed if their challenge to the denial of the motion must await final appeal. Such claims can be and are often heard on appeal from a conviction. *See, e. g., United States v. Hanna,* 639 F.2d 192 (5th Cir. 1980); *United States v. Thomas,* 617 F.2d 436 (5th Cir. 1980), *cert. denied,*

449 U.S. 841, 101 S.Ct. 120, 66 L.Ed.2d 48 (1980); *United States v. Lichenstein,* 610 F.2d 1272 (5th Cir. 1980), *cert. denied,* 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980); *United States v. Johnson,* 577 F.2d 1304 (5th Cir. 1978); *United States v. Smith,* 523 F.2d 771 (5th Cir. 1975), *cert. denied,* 429 U.S. 817, 97 S.Ct. 59, 50 L.Ed.2d 76 (1976). *Cf. United States v. Wright,* 622 F.2d 792 (5th Cir. 1980), *cert. denied,* 449 U.S. 961, 101 S.Ct. 376, 66 L.Ed.2d 229 (1980) (none of defendant's specific claims of prosecutorial misconduct fall within the *Cohen* exception because they may be cured at retrial or effectively reviewed on appeal). Moreover, to the extent defendants focus their objection on the court's failure to hold an evidentiary hearing on their claims, there is even less basis for appellate intrusion at this point. It is well established a district court has discretion to deny a hearing where defendants present mere conclusory allegations of prosecutorial vindictiveness. *See, e. g., United States v. Duncan,* 598 F.2d 839, 869 (4th Cir.), *cert. denied,* 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979); *United States v. Brown,* 591 F.2d 307, 311–12 (5th Cir.), *cert. denied,* 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979); *United States v. Bourque,* 541 F.2d 290, 292–93 (1st Cir. 1976). *Cf. In re Grand Jury Proceedings,* 632 F.2d 1033, 1038–40 (3d Cir. 1980) (district court order denying evidentiary hearing on unauthorized grand jury disclosures is not immediately appealable).

The Court of Appeals for the District of Columbia recently considered the identical issue of appealability in *United States v. Brizendine,* 659 F.2d 215 (D.C.Cir.1981). In that case defendants, who were corporate officers, moved for the dismissal of their indictments on the ground of prosecutorial vindictiveness. They alleged the prosecutor improperly sought the indictments in retaliation for their rejection of a plea bargaining arrangement for the corporation, which was also indicted. After a lengthy analysis, the court of appeals concluded the denial of the motions to dismiss was not immediately appealable. The court held that in light of the availability of effective relief upon appeal from a conviction, it was not prepared

to accept the "disruptive consequences" to the criminal justice system that would result from interlocutory appeals on the ground of prosecutorial vindictiveness.

The Ninth Circuit reached an opposite result in *United States v. Griffin*, 617 F.2d 1342 (9th Cir.), *cert. denied*, 449 U.S. 863, 101 S.Ct. 167, 66 L.Ed.2d 80 (1980). In discussing the irreparable loss to defendants if appellate review had to await the outcome of the trial, the court emphasized the "personal strain, public embarrassment, and expense" that inevitably results from a trial. *Id.* at 1346. We agree with the District of Columbia Circuit, however, that such reasoning is faulty because it could apply to virtually every pretrial claim which, if successful, would result in the dismissal of the indictment. As the Supreme Court stated in *MacDonald, supra*, in rejecting this argument with respect to a speedy trial claim:

> Admittedly, there is value—to all but the most unusual litigant—in triumphing before trial, rather than after it, regardless of the substance of the winning claim. But this truism is not to be confused with the quite distinct proposition that [only] certain claims ... should be resolved before trial.

435 U.S. at 860 n.7, 98 S.Ct. at 1552 n.7. In view of the substantial policy in avoiding delay in criminal prosecutions and the availability of an effective review upon appeal from a final judgment, we decline to adopt a rule which would permit as a matter of course immediate appeals from the denial of prosecutorial vindictiveness claims.

There may be vindictiveness claims, of course, which by their very nature would be destroyed if an appeal was delayed. An example would be if defendants presented substantial evidence that the prosecutor intended to try them for reasons unrelated to the enforcement of the laws and for the sole purpose of having them go through the psychological and financial burdens of trial, without any reasonable prospect of conviction. In this situation, the malicious purpose would be accomplished regardless of the outcome of the trial, and could not be rectified by any future appeal. In the present case, however, defendants' allegations, if true, establish only that the

Government has been aggressively pursuing its case against them for the purpose of seeking convictions. There is no indication the Government's claims are groundless.

We conclude an interlocutory appeal does not lie from the district court's denial of the motion to dismiss the indictment on the ground of prosecutorial vindictiveness. We therefore dismiss the appeal without expressing an opinion on the merits of defendants' claims.

**2. Motion for Disqualification and Writ of Mandamus**

■ The second question, whether an interlocutory appeal lies from the denial of a motion to disqualify the trial judge, has already been answered in the negative in a prior panel decision of this Court, by which we of course are bound. *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958 (5th Cir. 1980), *cert. denied, Mead Corporation v. Adams Extract*, 449 U.S. 888, 101 S.Ct. 244, 69 L.Ed.2d 114 (1980). This type of claim was considered to be fully reviewable on appeal from a final judgment. *Accord, United States v. Washington*, 573 F.2d 1121 (9th Cir. 1978); *Vuono v. United States*, 441 F.2d 271 (4th Cir. 1971); *Robinson v. Largent*, 419 F.2d 1327 (3d Cir. 1970); *Dubnoff v. Goldstein*, 385 F.2d 717 (2d Cir. 1967).

■■ The question of disqualification is reviewable on mandamus, however, although a writ will not lie in the absence of "exceptional circumstances." *Corrugated Container*, 614 F.2d at 961 n.4. The parties seeking the writ must carry the burden of proving a "clear and indisputable" right to it, and its issuance remains within the court's discretion. *Id.* at 962. *See also Kerr v. United States District Court*, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976); *In re International Business Machines Corp.*, 618 F.2d 923, 926 (2d Cir. 1980).

Anticipating our decision on appealability, defendants have petitioned in the alternative for a writ of mandamus ordering the trial judge's recusal. In support of their claim of personal bias, defendants first note a comment made by the judge when he

agreed to defense counsel's request to furnish a copy of the financial disclosure statement he prepared pursuant to the Ethics in Government Act. After handing the statement over to counsel, the judge remarked, "It's going to give you a world of information about my background and I hope you choke on it." Defendants next offer a statement made by the judge in one of six earlier civil suits brought by the Federal Deposit Insurance Corporation against the Gregorys in connection with certain loan transactions. The judge had presided over all six suits. In one of his opinions, the judge characterized the loan involved as "virtually a self-dealing transaction." Defendants contend this statement was "clearly erroneous" and prejudices the judge with respect to the factual issues in the present case. Defendants finally direct our attention to two temporary "gag orders" which restricted defendants' access to the media and to discovery materials. They contend these orders were made in "blatant disregard" of statutory and constitutional law.

In his opinion denying the motion to disqualify, the trial judge explained his "choke on it" comment was due to a strong dislike for disclosing his personal finances as well as part of the interplay between judge and counsel which normally accompanies lengthy trial proceedings. He concluded that while the comment was "sharp," it was not as "insidious" as defendants alleged and did not reflect on his impartiality. With respect to defendants' other contentions, the judge held they also were not indicative of any bias or hostility towards defendants.

The general rule is that bias sufficient to disqualify a judge must stem from personal, extrajudicial sources, although there is an exception where pervasive bias and prejudice is shown by otherwise judicial conduct. *See, e. g., United States v. Serrano*, 607 F.2d 1145, 1150–51 (5th Cir. 1979), *cert. denied*, 445 U.S. 965, 100 S.Ct. 1655, 64 L.Ed.2d 241 (1980); *Whitehurst v. Wright*, 592 F.2d 834, 838 (5th Cir. 1979); *Davis v. Board of School Commissioners*, 517 F.2d 1044, 1051 (5th Cir. 1975). Upon review of the record in this case, it does not appear a basis for disqualification has been established. The judge's comment with respect

to the financial disclosure statement, while perhaps intemperate, does not reflect personal bias towards defendants, particularly in light of the judge's explanation. The remaining conduct complained of took place within a judicial context and, in the absence of a showing of pervasive bias, cannot serve as the basis for disqualification. *See, e. g., Phillips v. Joint Legislative Committee*, 637 F.2d 1014, 1020 (5th Cir. 1981) ("a motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case or in related cases"). No showing of pervasive bias has been made. The trial judge acted within his discretion in refusing to disqualify himself, *see, e. g., Phillips, supra*, 637 F.2d at 1021, and the petition for a writ of mandamus is therefore denied.

No. 80–7644—APPEAL DISMISSED.

No. 80–7642—APPEAL DISMISSED AND WRIT OF MANDAMUS DENIED.