UNITED STATES of America,
Plaintiff-Appellee,

v.

Juan ROSARIO, Robert Richard Brown
and Carl DeMichael,
Defendants-Appellants.

Nos. 81–2432, 81–2519 and 81–2522.

United States Court of Appeals,
Seventh Circuit.

Submitted March 18, 1982.*

Decided May 10, 1982.

William H. Theis, Chicago, Ill., Waring R. Fincke, Shellow, Shellow & Glynn, Milwaukee, Wis., John W. Conniff, Chicago, Ill., for defendants-appellants.

Phillip A. Turner, Asst. U. S. Atty., Dan K. Webb, U. S. Atty., Chicago, Ill., Lawrence O. Anderson, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before PELL, BAUER and CUDAHY, Circuit Judges.

PER CURIAM.

In these appeals we decide that the district court's denial of a motion to dismiss a criminal indictment on the allegation of prosecutorial vindictiveness is not a final appealable order. 28 U.S.C. § 1291. For reasons presented below, we dismiss these appeals for want of appellate jurisdiction.[1]

In *United States v. Brown and DeMichael*, Nos. 81–2519, 81–2522 (*"Brown"*), the defendants moved to dismiss the indictment brought against them in the Eastern District of Wisconsin, charging each with one count of wire fraud, 18 U.S.C. § 1343, and one count of interstate transportation of property taken by fraud, 18 U.S.C. § 2314. The motion was primarily based on their allegation of prosecutorial misconduct.[2] Briefly, they contended that the United States Attorney in the Eastern District of Wisconsin sought their indictment since the

---

* These appeals were submitted to a panel for disposition on the motions papers without oral argument. Cir.R. 6(a).

1. In *Brown*, this panel granted the Government's motion to dismiss on October 16, 1981, "for reasons to be stated in an opinion to be entered at a later date." Our celerity in resolving *Brown* without an opinion stemmed from an awareness that the district court had set the date for a trial involving multiple counts and defendants, including defendants other than Brown and DeMichael. In *Rosario*, the Government's motion to dismiss, which has been fully briefed, is still pending. On January 19, 1982, this Court stayed the briefing schedule for this appeal.

Since these appeals present the same issue, the Court, *sua sponte*, consolidates them for analysis and disposition.

2. Defendants presented to the trial court an omnium gatherum of additional grounds for dismissal of the indictment, including pleading defects, double jeopardy (see footnote 4 below), ineffective assistance of counsel, preindictment delay, non-disclosure of material information. Even if there was a basis for entertaining these appeals, we could not reach these additional contentions. *Abney v. United States*, 431 U.S. 651, 662–63, 97 S.Ct. 2034, 2041–42, 52 L.Ed.2d 651 (1977).

Government was displeased with the assertedly lenient treatment defendants received in a related case in the Northern District of Illinois. From an examination of the documents presented with the motions papers in this Court, the Government's displeasure reputedly stemmed, *inter alia*, from the trial judge's severance of some defendants, acquittal of a co-defendant based on a finding of insanity, and grant of a light sentence to DeMichael. The defendants additionally ascribed an improper motive to the Government in its delay in the return of the indictment in the Eastern District of Wisconsin until after trial and sentencing in the Northern District of Illinois.

At the conclusion of a four day evidentiary hearing on this motion to dismiss and other motions, a magistrate recommended to the district judge that the motion to dismiss be denied. Defendant DeMichael[3] filed objections to the magistrate's recommendations.[4] The district judge adopted the magistrate's recommendations and defendants filed their notice of appeal.

In *United States v. Rosario*, No. 81–2432, the defendant, charged with three counts of theft or receipt of stolen mail matter, 18 U.S.C. § 1708, similarly moved to dismiss the indictment based on prosecutorial retaliation. His motion was grounded on the contention that the indictment had the "appearance of prosecutorial retaliation" because he had been indicted in the instant case after he had filed his notice of appeal from an earlier conviction, also for theft or

receipt of stolen mail.[5] It is his contention that the incidents giving rise to the second indictment could have been joined in the first indictment. After two hearings, the motion to dismiss was denied in a minute order. Rosario's appeal followed.

### I

In *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the Supreme Court found a prosecutor could not respond to a criminal defendant's invocation of a statutory right to appeal by bringing additional charges against him. In *Blackledge*, the defendant appealed a misdemeanor conviction from misdemeanants' court, thus entitling him, under North Carolina law, to a trial *de novo* in the superior court. The prosecutor then obtained an indictment from a grand jury, charging the defendant with a felony for the same conduct for which he had been convicted in misdemeanants' court. Examining the prosecutor's conduct, the Court concluded that the appearance of vindictiveness was violative of the Constitution's due process guarantees:

> A person convicted of an offense is entitled to pursue his statutory rights to a trial *de novo*, without apprehension that the prosecutor retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration.

*Id.* at 28, 94 S.Ct. at 2102 (footnote, citation omitted).

---

3. In view of the fact that only DeMichael objected to the magistrate's recommendations, we question whether Brown has successfully preserved his objections for the purposes of his appeal. 28 U.S.C. § 636(b)(1)(B) and the magistrate's order clearly contemplate the filing of objections to a ruling on a motion to dismiss the indictment. In view of the limited record before us, we do not resolve the issue of the preservation of an objection to a magistrate's order when a party fails timely to object to the district judge. We also note that the district judge's review went beyond DeMichael's objections and specifically adopted all of the magistrate's recommendations, including his denial of Brown's motions.

4. DeMichael also asserted that the indictment should be dismissed as violative of the plea agreement he entered into in the Northern Dis-

trict of Illinois. An interlocutory appeal does not lie from such an order. *See United States v. Eggert*, 624 F.2d 973, 974–76 (10th Cir. 1980); *compare United States v. Alessi*, 544 F.2d 1139, 1143–1152 (2d Cir.); cert. denied, 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed.2d 327 (1976) and *United States v. Alessi*, 536 F.2d 978, 980–81 (2d Cir. 1976). One count of the indictment was dismissed as to both defendants on the basis of double jeopardy. Double Jeopardy Clause, U.S.Const.Amend. V. Neither Brown nor DeMichael contends that the Wisconsin case is an attempt to try him again on charges covered by the Illinois plea agreement. *Abney*, 431 U.S. at 660, 97 S.Ct. at 2040.

5. *U. S. v. Rosario*, No. 81 Cr 81 (N.D.Ill.1981), *aff'd*, 679 F.2d 893 (7th Cir. 1982) (unpublished order).

While *Blackledge* proscribes such retaliatory prosecutions, it is unsettled whether a denial of a motion to dismiss an indictment on such grounds can be immediately appealed or must be reviewed only at the conclusion of the criminal proceedings in the trial court.

## II

The Supreme Court has acknowledged only three exceptions to the requirement that a defendant be sentenced before seeking review of the trial court's orders: denial of reduction of bond, *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951) (*see also* 18 U.S.C. § 3147(b), Fed.R.App.P. 9(a)); denial of a motion to dismiss based on double jeopardy grounds, *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); and denial of a Congressman's claim of privilege based on the Speech and Debate Clause, *Helstoski v. Meanor*, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979).

*Abney* sets out the criteria to be applied to determine if an order entered in a criminal proceeding may be immediately appealed. Such an order is (1) a complete, formal, and in the trial court, final rejection of a criminal defendant's claim, (2) collateral to, and separable from the issue of guilt or innocence (3) of which the failure to review before conviction and sentence would significantly undermine the rights conferred on the defendant. *Id.* at 659–60, 97 S.Ct. at 2040. *See also Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949); *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); *Freeman v. Kohl & Vick Machine Works, Inc.*, 673 F.2d 196 (7th Cir. 1982). The Supreme Court has not determined whether a denial of a motion to dismiss an indictment for prosecutorial mis-

conduct meets the *Abney* criteria. This Court has not addressed this issue.

Of the circuits which have addressed the issue, only the Ninth appears to consider such an order as falling within the collateral order doctrine, permitting review before the completion of the trial court's proceedings with sentencing. *United States v. Griffin*, 617 F.2d 1342, 1345 (9th Cir.), *cert. denied*, 449 U.S. 863, 101 S.Ct. 167, 66 L.Ed.2d 80 (1980).[6] Confronted with the same issue, the Fifth and District of Columbia Circuits have refused to follow the *Griffin* result and have found that a defendant seeking to challenge such an order must present it in the appeal of his conviction and sentence. *United States v. Brizendine*, 659 F.2d 215 (D.C.Cir.1981), *United States v. Gregory*, 656 F.2d 1132 (5th Cir. 1981). We conclude that *Gregory* and *Brizendine* present the better rule.

The *Gregory* and *Brizendine* courts found that an allegation of prosecutorial vindictiveness is not a claim of right the denial of which requires review in an interlocutory appeal. Rather such a trial court determination can be reviewed in due course as part of the issues presented after a party's conviction. The rationale is that prosecutorial vindictiveness can be reviewed at the same time as any other allegations of due process violations. A defendant has no particular claim in moving forward on an interlocutory basis with this particular assertion of error. *See, e.g., United States v. MacDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978) (no interlocutory appeal from an asserted violation of Sixth Amendment right to speedy trial); *Abney*, 431 U.S. at 663, 97 S.Ct. at 2042 (none for claim of insufficiency of indictment).

Rosario attempts to distinguish *Gregory* and *Brizendine*, urging that the prosecutors'

---

**6.** *Cf. United States v. Wilson*, 639 F.2d 500, 502 n.1 (9th Cir. 1981) (calling into question such interlocutory appeals as "counterproductive").

The Ninth Circuit has also allowed appeals to lie for allegations of selective prosecution, *id., cf. Flynt v. Ohio*, 451 U.S. 619, 101 S.Ct. 1958, 68 L.Ed.2d 489 (1981) (Supreme Court's 28 U.S.C. § 1257 jurisdiction), and violation of the Fifth Amendment's indictment clause prohibiting prosecution of an "infamous crime" by information, *United States v. Yellow Freight Sys-*

*tem, Inc.*, 637 F.2d 1248 (9th Cir. 1980). We join the *Brizendine* court in considering the Ninth Circuit's "overly generous allowance of interlocutory appeals to be pernicious." *Brizendine*, 659 F.2d at 224 and *compare Randle v. Victor Welding Supply Co.*, 664 F.2d 1064 (7th Cir. 1981) (no immediate appeal for denial of appointment of counsel) *with Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir. 1981) (recognizing *Cohen* appeal).

conduct in those cases was the result of an animus against the defendants, demonstrated by the prosecutors' comments and pretrial maneuvers (*Gregory*) or in the bringing of the indictment after the failure of plea bargaining (*Brizendine*). *See, e.g., United States v. Berger*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); *United States v. Meeker*, 558 F.2d 387 (7th Cir. 1977).

Rosario asserts that his allegations fit more squarely within the *Blackledge* proscription against a prosecutor penalizing a defendant for asserting a statutory right. In *Rosario*, the United States Attorney brought the second indictment on similar charges only after Rosario invoked his statutory right to appeal his first conviction. Thus, he asserts, the prosecutor's decision to bring the second indictment appeared to retaliate against Rosario's exercise of that right. Rosario's challenge then goes beyond a general assertion of impermissible animus [7] and questions the bringing of the indictment at all. Rosario concludes that it is the invocation of the criminal process itself that violates due process; he characterizes his right as the right not to be tried at all.

Although we agree that Rosario's assertions go beyond a generalized claim of prosecutorial vindictiveness and appear to come within *Blackledge*, we do not accept that an interlocutory appeal lies for review of the district court's determination of a *Blackledge* claim. Instead, we apply the *Gregory* and *Brizendine* rationale to these appeals. Claims of prosecutorial vindictiveness, whether based on impermissible animus or retaliation for the exercise of a statutory right, do not meet at least the third criterion for interlocutory appeals in a criminal proceeding as set forth in *Abney*, 431 U.S. at 659–60, 97 S.Ct. at 2040 (see page 5 above).

The failure to review before conviction and sentence would not significantly under-

mine the rights conferred on defendant. In many circumstances, a successful assertion of a due process violation would void the bringing of the indictment from its inception. Once vindicated on appeal, such a defendant may not only have his conviction set aside, but also the indictment quashed. *See, e.g., United States v. Udziela*, 671 F.2d 995 (7th Cir. 1982) (perjured testimony presented to grand jury); *United States v. Layton*, 645 F.2d 681 (9th Cir. 1981) (lack of subject matter jurisdiction); *United States v. Hinkle*, 637 F.2d 1154 (7th Cir. 1981) (insufficiency of indictment); *United States v. Ledesma*, 632 F.2d 670 (7th Cir. 1980) (improper venue). Here, the defendants' claims of retaliatory prosecution fall within this category. Such due process claims, as well as contentions arising out of pretrial proceedings, trial, and sentencing, must abide the final outcome of these proceedings before the trial court.[8]

APPEALS DISMISSED.

---

7. Similarly, in *Brown*, the defendants note that the bringing of the Wisconsin indictment was delayed until after the Illinois case was concluded. The *Brown* defendants also allege that the prosecutors' actions stem largely from impermissible animus.

8. While not dispositive in these appeals, we note the disruptive effect interlocutory appeals have on the effective administration of criminal justice. *DiBella v. United States*, 369 U.S. 121, 126, 82 S.Ct. 654, 657, 7 L.Ed.2d 614 (1962); *Gregory*, 656 F.2d at 1136.