**In re B & W MANAGEMENT, INC., Debtor.**

**In re Philip Joseph BROWN, Debtor.**

**In re William John BROWN, Debtor.**

**J.W. KAEMPFER, Jr., et al., Plaintiffs,**

**v.**

**Philip J. BROWN, et al., Defendants.**

**Bankruptcy Nos. 81–00698, 81–00700 and 81–00701.
Adv. No. 86–0098.**

United States Bankruptcy Court,
District of Columbia.

April 9, 1987.

---

See also, Bkrtcy., 63 B.R. 395.

Nicholas A. Addams, Washington, D.C., for debtors.

John W. Guinee, Jr., Reston, Va., trustee.

Peter R. Kolker, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Washington, D.C., for trustee.

David R. Kuney, David, Hagner & Harvey, Washington, D.C., for American Security Bank.

Richard O. Duvall, Dunnells, Duvall, Bennett & Porter, Washington, D.C., for J.W. Kaempfer, Jr., The Kaempfer Company, 1250 24th Street Associates Limited Partnership and 1250 24th Street Associates Land Partnership.

David Machanic, Pierson, Ball & Dowd, Washington, D.C., for 1250 24th Street Associates Limited Partnership and J.W. Kaempfer, Jr.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Chief Judge, sitting by designation.

The debtors before this Court, B & W Management, Inc., Philip Joseph Brown, and William John Brown, filed on October 20, 1986 a motion requesting this Court to recuse itself from further participation in all matters relating to the debtors. Scheduled for hearing on October 20 was the motion of the trustee, John W. Guinee, Jr., to return to the debtors possession and control of their property, and the petition of 1250 24th Street Associates Limited Partnership ("Associates") and J.W. Kaempfer, Jr. ("Kaempfer") for an award of attorneys' fees payable as an administrative expense of the debtors' estates. Also pending before the Court and scheduled for a pretrial conference on November 18, 1986 was the complaint of Kaempfer, the Ka-

empfer Company, Associates, 1250 24th Street Associates Land Partnership and the Estate of Loretto Brown, which named as defendants each of the debtors and the trustee and requested declaratory judgment regarding matters surrounding the purchase by Associates of an interest in real property held by the Estate of Loretto Brown. The debtors asserted in their answer to the complaint a counterclaim in which they alleged causes of action for malicious interference with contract and malicious interference with business opportunity.

Having carefully considered the motion for recusal and its supporting affidavit, and the memoranda and exhibits filed in opposition to the motion, this Court can find no cause for withdrawal from the pending matters.

The facts as alleged in the affidavit and expounded upon in the motion for recusal are these: this Court has both deposit accounts and mortgages at First Commonwealth Savings & Loan ("First Commonwealth"); John D. Hagner, a partner in the law firm of David, Hagner & Harvey, holds a seat on the Board of Directors of First Commonwealth; David, Hagner & Harvey acts as legal counsel to First Commonwealth; David, Hagner & Harvey represents American Security Bank in the matters pending in these cases. The debtors suggest that these facts necessitate a recusal under either section 144 or section 455 of Title 28 of the United States Code.

In order to recuse upon an affidavit of bias and prejudice under section 144 [1], this Court must find that the affidavit sets forth with particularity material facts which, if true, would convince a reasonable man that a personal, as opposed to a judicial, bias exists. *United States v. Haldeman,* 559 F.2d 31, 134 (D.C.Cir.1976), *cert. denied,* 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977). *See Brotherhood of Locomotive Firemen and Enginemen v. Bangor & Aroostook Railroad Co.,* 380 F.2d 570, 576 (D.C.Cir.), *cert. denied,* 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 461 (1967); *see also Parrish v. Board of Commissioners of Alabama State Bar,* 524 F.2d 98, 100 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).

■ Because the affidavit of William Brown makes no plain assertion of personal bias on the part of the Court, the debtors' motion under section 144 rests solely upon the conclusions regarding bias or prejudice which may be gleaned from the fact of this Court's financial transactions with First Commonwealth considered in conjunction with First Commonwealth's choice of legal counsel. The debtors suggest that this Court of necessity is biased against them because it cannot help but be biased in favor of the David, Hagner & Harvey firm in view of the possibility that the firm may at some future date represent First Commonwealth in an action on this Court's mortgages or accounts. Further, the debtors imply that this Court need placate the firm of David, Hagner & Harvey in its representation of American Security Bank lest Mr. Hagner prevail upon First Commonwealth to take action adverse to this Court's financial interest.

In his affidavit, William Brown concludes that "he cannot obtain a fair ruling on any of the motions pending before Judge Bostetter or a trial in the instant adversary

---

1. 28 U.S.C. § 144 provides:
   Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.
   The Court notes that no certificate of counsel, required by the final sentence of this section, was filed in support of the motion *sub judice.* A ruling on the import of this omission, however, is unnecessary in light of our ruling on the sufficiency of the affidavit and motion.

action before Judge Bostetter." The issue under section 144, however, is whether the facts set forth in the affidavit would convince a reasonable man that a bias exists. The Court cannot conclude that a reasonable mind would find a personal bias in the wholly speculative "connection" between this Court and counsel for American Security Bank.

Although there exists no published case in which any court considered a motion for disqualification bearing a factual similarity to the motion presently before this Court, the United States Court of Appeals for the Fifth Circuit affirmed a trial judge's determination that a speculation of bias was insufficient to warrant recusal in *United States v. Miranne*, 688 F.2d 980 (5th Cir. 1982), *cert. denied*, 459 U.S. 1109, 103 S.Ct. 736, 74 L.Ed.2d 959 (1983). In *Miranne*, the defendants alleged in an affidavit that the judge's son represented a trustee in bankruptcy in an action against a partnership in which the defendants held a 21 percent interest. In addition, the defendants revealed their intention to file suit against the trustee, his counsel, and others. Affirming the trial judge's refusal to withdraw under section 144, the Fifth Circuit stated:

> [T]he argument that Judge Boyle possessed a bias because his son was an attorney in a lawsuit against a partnership in which the appellants had a small interest without demonstrating what beneficial effect, if any, the conviction of the appellants would incur upon Boyle, Jr., is far too speculative to convince a reasonable man that bias existed.

688 F.2d at 985.

Here, as in *Miranne*, the movants make no tenable connection between the facts alleged in the affidavit of bias and the resolution of the matter before this Court.

The debtors cannot point to a single present benefit to this Court which would result from a ruling in favor of American Security Bank or David, Hagner & Harvey. The "benefits" to the Court alleged by the debtors depend not only on arguably improper acts by Mr. Hagner and his firm, but on both the existence of mortgage defaults or other circumstances actionable at law, and on the continued attorney-client relationship between David, Hagner & Harvey and First Commonwealth. The inescapable conclusion is that a reasonable mind would find the speculations of the debtors to be baseless and, accordingly, the Court finds the affidavit of William Brown statutorily insufficient, and the motion for recusal under section 144 to be without merit.

The debtors cite section 455 of title 28 [2] as an alternative statutory authority for this Court's withdrawal. In his affidavit, William Brown states as grounds for recusal the fact that "the judge's impartiality might reasonably be questioned; further, because he has an interest that could substantially be effected [sic]." Consequently, the Court will consider the sufficiency of the affidavit under subsections (a) and (b)(4) of section 455.[3]

Section 455(b)(4) requires that a judge withdraw from a case when he holds a financial interest in the subject matter of the proceeding or in a party to the proceeding. The affidavit of William Brown, even construed broadly, contains no allegation that this Court holds such a disqualifying interest.

The sole contention of the debtors is that this Court's financial arrangements with First Commonwealth may be adversely affected by its disposition of the matters pending in this case. First Commonwealth is not a party to the proceedings before

---

2. 28 U.S.C. § 455 provides, in relevant part:
   (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
   (b) He shall also disqualify himself in the following circumstances:
   (4) He knows that he, individually, or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding[.]

3. Resolution of any allegation under subsection (b)(1) of section 455 is rendered unnecessary by the Court's disposition of the movants' section 144 argument.

this Court, nor is it in any way connected to the subject matter at issue in any pending matter. Thus, the only portion of section 455(b)(4) that could possibly require recusal is the portion mandating withdrawal when the Court has an "interest that could be substantially affected by the outcome of the proceeding."

■ A judge's interest, whatever it may be, is only "substantially affected" when a significant effect, desirable or undesirable, shall directly and inexorably flow from the Court's resolution of the matter before it. *See generally* Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 2d, §§ 3546–7 (1984). Thus, the United States Court of Appeals for the Fourth Circuit reversed a recusal under section 455 in *In re Virginia Electric & Power Co.*, 539 F.2d 357 (4th Cir.1976), holding that a judge's potential interest in receiving a customer refund was insufficient to disqualify him from ruling on a utility rates matter.[4] *See also In re New Mexico Natural Gas Antitrust Litigation*, 620 F.2d 794 (10th Cir.1980).

The defendants can supply no nexus between the "interest" of this Court at First Commonwealth and the litigation pending in these cases, for no conceivable ruling on the matters before this Court could alter this Court's financial arrangements at First Commonwealth. The movants again are left only with their theory that this Court's self-interest dictates that it rule in favor of American Security Bank and David, Hagner & Harvey in anticipation of that firm's

future representation of First Commonwealth. Such an unfounded speculation is simply insufficient to establish an interest that substantially will be affected by the outcome of the pending matters. The motion and affidavit do not, and could not, contain sufficient grounds under section 455(b)(4) for this Court to withdraw from hearing these proceedings.

■ As is clear from the statements contained in the motion for recusal and from counsel's statements in support of the motion, the heart of the debtors' argument for disqualification rests in the prohibition against the appearance of impropriety contained in section 455(a). A motion for recusal under section 455(a) is to be examined under an objective standard; disqualification is appropriate only if the facts provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality. *United States v. DeLuna*, 763 F.2d 897 (8th Cir.), *cert. denied sub nom. Thomas v. United States*, —— U.S. ——, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985); *United States v. Nelson*, 718 F.2d 315 (9th Cir.1983); *United States v. Norton*, 700 F.2d 1072, 1076 (6th Cir.), *cert. denied*, 461 U.S. 910, 103 S.Ct. 1885, 76 L.Ed.2d 814 (1983).

■ In *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157 (5th Cir.1982), *reh'g denied*, 697 F.2d 1092, *cert. denied*, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983), the United States Court

---

**4.** The debtors attempt to distinguish the present situation from the facts of *In re Virginia Electric & Power Co.* by contrasting the amount of the customer refund there at issue with the value of this Court's interests at First Commonwealth. The debtors miss the point of the Fourth Circuit's opinion. In reversing the trial judge's order of recusal, the *VEPCO* court clearly relied upon the tenuous nature of the connection drawn between the outcome of the litigation and any possible benefit to the judge hearing the matter:

We are inclined to agree with the district court that $70 or $100 cash in hand is not *de minimus.* But when the possibility of recovering that amount is spread over the next 40 years, is dependent upon VEPCO winning the lawsuit and the full amount claimed, collecting the judgment, and the Virginia State Cor-

poration Comission requiring VEPCO to return increased fuel costs to its customers, we doubt that anyone other than Jimmy the Greek would offer anything for the judge's chance. A reasonable man would doubtless prefer a $2 ticket at Churchill Downs on the first Saturday in May. We hold the judge's "any other interest" in VEPCO's speculative recovery was *de minimus* and his finding to the contrary clearly erroneous.

539 F.2d at 368. The motion *sub judice* rests on an even more tenuous factual scenario, because the interests alleged to be affected are in no way connected with the issues in this case. In addition, the postulated "effect" of this litigation on this Court's interests at First Commonwealth rests on a series of events similar to that cited by the *VEPCO* court, the occurrence of which is, at the very best, uncertain.

of Appeals for the Fifth Circuit considered a motion for disqualification which alleged that the fact that the judge hearing the matter owned property within the aboriginal territory of the plaintiff tribe created an appearance of impropriety. The court found no grounds for disqualification, noting that the judge's ruling in the case could in no way affect his title to the property. 690 F.2d at 1166. Thus, a mere connection between a judge and some element of the proceeding before him is insufficient to establish even an appearance of impropriety if no logical link between the two can be shown.

The *Chitimacha Tribe* court also found no merit in the argument that an appearance of impropriety arose from the fact that the judge's ruling in the case might affect his financial interest. The movant noted that the judge's former law firm, in which he retained an investment interest, represented defendant Texaco in matters unrelated to the pending case. From this fact the movant theorized that

> if Texaco suffers in this suit, the judge's former lawfirm [sic] might suffer indirectly. Texaco might suffer such an overwhelming financial loss that it will no longer be able to employ the judge's former firm. As a result, the firm will have less income and could be forced to cut back on the periodic payments it makes to the judge.

*Id.* at 1166–67. Labelling the movant's argument "remote and unrealistic", the Fifth Circuit found no basis for disqualification. *Id.* at 1167.

■ The scenario concocted by the debtors before this Court is no less remote and unrealistic than that presented by the movant in *Chitimacha Tribe*. The fact that a party can postulate a series of events which, if they occurred, might tend to affect a judge's impartiality cannot satisfy the objective test mandated by section 455(a).

The Fifth Circuit came to a similar conclusion in *United States v. Miranne*, 688 F.2d 980 (5th Cir.1982), *cert. denied*, 459 U.S. 1109, 103 S.Ct. 736, 74 L.Ed.2d 959 (1983), holding that the involvement of the judge's son in a lawsuit against a corporation in which the movant held an interest, even in light of the movant's threatened countersuit against the judge's son, established only the most tenuous of connections between the judge and the parties before him. The *Miranne* court found the allegations insufficient to establish even an appearance of impropriety.

In *United States v. Gregory*, 508 F.Supp. 1218 (S.D.Ala.1980), *appeal dismissed*, 656 F.2d 1132 (5th Cir.1981), the defendants alleged that an appearance of impropriety lay in the judge's banking relationship with an institution with which the defendants dealt when they headed a competing institution. The United States District Court for the Southern District of Alabama concluded that the allegations were meritless:

> [T]he Gregorys argue that because they had business dealings with the Merchants National Bank when they ran Wilcox County Bank that, in light of my business dealings with Merchants National Bank, a reasonable man would harbor doubts about my impartiality. This allegation amounts, I think, to whistling in the dark. Pushed to its logical conclusion every judge who did business with a bank (checking accounts, automobile loans, home mortgages) would be disqualified from trying cases involving bankers.

508 F.Supp. at 1220.

This Court must draw a similar conclusion. The debtors at bar have failed even to match the quantum of evidence dismissed by the *Gregory* court as inconsequential. Here, the allegation is not that the Browns' and this Court's dealings with a single non-party financial institution create an appearance of impropriety; rather, the present allegations link this Court's financial transactions to the matters or parties before it only by citation of common legal counsel. It is simply not within the letter or spirit of the statutes controlling this issue to find that an appearance of impropriety obtains whenever a court appearance is entered by an attorney who also may represent an institution with which this Court deals. A reasonable man

could hold no conviction that these facts establish partiality on the part of this Court.

Raised for the first time during argument on this motion was the debtors' additional contention that counsel for the Kaempfer concerns enlisted the aid of another attorney, David Machanic, ostensibly for the purpose of arguing the Kaempfer groups' motion for attorneys' fees but, in reality, to "subconsciously influence" this Court. Mr. Machanic's brother, Roger Machanic, is an acquaintance of this Court and is Chairman of the Board of Directors of First Commonwealth. Thus, the debtors also claim that this Court's financial interest shall be harmed by any ruling adverse to the Kaempfer entities and their counsel, Dunnells, Duvall, Bennett & Porter.

This contention is as devoid of merit as those previously discussed. *See Hirschkop v. Virginia State Bar Ass'n,* 406 F.Supp. 721 (E.D.Va.1975) (judge's personal familiarity with witnesses insufficient to establish bias, prejudice or improperty). David Machanic first entered his appearance for J.W. Kaempfer and 1250 24th Street Associates Limited Partnership in these cases in an adversary matter heard by the United States District Court for the District of Columbia. Supplemental counsel for Kaempfer and Associates was necessitated by the debtors' motion to disqualify the law firm of Dunnells, Duvall, Bennett & Porter. Mr. Machanic entered his appearance before this Court in connection with his clients' petition for allowance of attorneys' fees incurred in prosecuting the district court proceeding as an administrative expense of the debtors' estates. This Court can find neither an impropriety in Mr. Machanic's appearance nor any connection between Mr. Machanic and the Court which necessitates a recusal.

In sum, no logical connection between this case and the Court's transactions at First Commonwealth has been, or could be, drawn. The theories which the debtors argue establish prejudice, partiality or impropriety on the part of this Court are completely speculative and wholly unfound-

ed. Accordingly, the motion for recusal shall be denied.