UNITED STATES of America, Appellee,

v.

Robert R. CAVIN, Appellant.

No. 77–1397.

United States Court of Appeals, Fourth Circuit.

Submitted April 6, 1977.

Decided April 25, 1977.

Donald I. Baker, Asst. Atty. Gen., Carl D. Lawson, Rodney O. Thorson, William D. Coston, Attys., Dept. of Justice, Wash-

ington, D. C., for United States, Antitrust Division.

Donald T. Bucklin, Robert E. Nagle, David B. Weinberg, Wald, Harkrader & Ross, Washington, D. C., for appellant.

Before HAYNSWORTH, Chief Judge, and BUTZNER, Circuit Judge.

BUTZNER, Circuit Judge:

Robert R. Cavin appeals from an order of the district court denying a motion to dismiss his indictment. The government moved to dismiss the appeal for lack of jurisdiction. We grant the government's motion.

The indictment against Cavin charged that he engaged in a conspiracy to fix gasoline prices in violation of § 1 of the Sherman Act. Cavin claims that the government represented that he, as a subpoenaed grand jury witness, would be granted immunity and would not be indicted; that in reliance on such representations he divulged constitutionally protected information to an associate, and retained counsel jointly with the associate; that it now turns out that the associate repeated some of Cavin's information to the grand jury that indicted him, and the associate will be a chief witness against him. The district court conducted an evidentiary hearing on Cavin's motion. It found that the conversations between the prosecutor and Cavin's attorneys did not amount "to a promise of immunity upon which reliance could reasonably be based." Also, it found neither prosecutorial misconduct nor evidence necessary to support the claim of equitable estoppel. It, therefore, refused to dismiss the indictment.

The government asserts that we lack jurisdiction because an order denying a motion to dismiss an indictment is not a final judgment. Cavin contends that an interlocutory appeal is appropriate because his right to be immune from trial is collateral to the main action, and that it would be irreparably lost unless it is considered before he is tried.

In *DiBella v. United States*, 369 U.S. 121, 124, 82 S.Ct. 654, 656, 657, 7 L.Ed.2d 614 (1962) the Court reiterated

The general principle of federal appellate jurisdiction, derived from the common law and enacted by the First Congress, requires that review of *nisi prius* proceedings await their termination by final judgment. . . . This insistence on finality and prohibition of piecemeal review discourage undue litigiousness and leadenfooted administration of justice, particularly damaging to the conduct of criminal cases.

The general principle to which *DiBella* refers has been codified in 28 U.S.C. § 1291, which, subject to certain exceptions found in other statutes not pertinent to this case, limits the appellate jurisdiction of the courts of appeals to final decisions of the district courts. Generally, the denial of a motion to dismiss an indictment is not considered to be an appealable final decision within the meaning of § 1291. *United States v. Curry*, 442 F.2d 428 (4th Cir. 1971).

The Supreme Court, however, has allowed immediate appeal, as an exception to the final judgment rule of § 1291, under narrow circumstances when the right of review would otherwise be frustrated. In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949), it sustained appellate jurisdiction when a district court's decision

finally determine[s] claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.

In *United States v. Lansdown*, 460 F.2d 164 (4th Cir. 1972), we applied the rule stated in *Cohen* to allow pretrial appeal of the denial of a plea of double jeopardy.* It

---

* *Accord United States v. Alessi*, 536 F.2d 978 (2d Cir. 1976); *United States v. MacDonald*, 531 F.2d 196 (4th Cir. 1976); *United States v. Barket*, 530 F.2d 181 (8th Cir. 1975); *United States*

*v. DiSilvio*, 520 F.2d 247 (3rd Cir. 1975); *Abney v. United States*, 534 F.2d 984 (3rd Cir. 1976), cert. granted, 426 U.S. 934, 96 S.Ct. 2646, 49 L.Ed.2d 385 (1976), see 20 Crim.L.Rep. (BNA)

is on this case that Cavin principally relies. *Lansdown,* however, is distinguishable.

■ The Double Jeopardy Clause was intended to erect a constitutional bar to the hardship of undergoing a second trial regardless of the accused's guilt or innocence after he had been once placed in jeopardy. *Green v. United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). Therefore, the issue raised by the plea is collateral to, and separable from, the accused's claim of innocence in the main action; it is obviously important; and the right to be free from retrial would be irreparably lost by the retrial itself. It is these peculiar features of the right secured by the Double Jeopardy Clause that justify application of the *Cohen* rule.

■ Although Cavin invokes the Due Process Clause, his complaint is essentially a claim that he was induced to incriminate himself by a promise of leniency in violation of the Fifth Amendment's provision that no person "shall be compelled in any criminal case to be a witness against himself . . . ." In contrast to the Double Jeopardy Clause's prohibition against retrial, the remedy to vindicate the Fifth Amendment's protection against self-incrimination is much more circumscribed. One who claims that his confession or other incriminatory statements have been illegally obtained by promises of leniency, deception, or coercion is not entitled to avoid trial by securing dismissal of his indictment. His remedy is suppression of his statement. *Lawn v. United States,* 355 U.S. 339, 348–50, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958). The point is illustrated by *United States v. Blue,* 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966), in which the Court reversed an order dismissing an indictment. It held that even if the government had acquired evidence in violation of the Fifth Amendment, the accused's remedy would be exclusion of the evidence, not dismissal of the prosecution. In dicta, the Court indicated that even if the tainted evidence had already been

presented to the grand jury, its ruling would be the same:

It does not seem to be contended that tainted evidence was presented to the grand jury; but in any event our precedents indicate this would not be a basis for abating the prosecution pending a new indictment, let alone barring it altogether. 384 U.S. at 255 n.3, 86 S.Ct. at 1419.

These principles were reiterated in *United States v. Calandra,* 414 U.S. 338, 344–45, 94 S.Ct. 613, 618, 38 L.Ed.2d 561 (1974) (dicta), as follows:

The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered. Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence, . . . or even on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination

. . . .

*United States v. Alessi,* 536 F.2d 978 (2d Cir. 1976), and *United States v. Carter,* 454 F.2d 426 (4th Cir. 1972), on which Cavin relies in support of his claim that he was also deprived of due process of law, are not dispositive. In *Alessi* the Court allowed an interlocutory appeal because the accused's interest in enforcing a plea bargain was akin to the rights secured by the Double Jeopardy Clause. *Carter* dealt with a final order of conviction and did not address the question of an interlocutory appeal.

Closer to the point is *Heike v. United States,* 217 U.S. 423, 30 S.Ct. 539, 54 L.Ed. 821 (1910), which the government cites as authority for its motion to dismiss this appeal. There the Court held that a judgment overruling a plea of immunity could not be the subject of an interlocutory appeal even though the statute conferring immunity barred prosecution as well as conviction. Although, as Cavin points out, dicta in the case concerning the appealability

4133 (1977) (summary of argument); *contra United States v. Young,* 544 F.2d 415 (9th Cir.

1976); *United States v. Bailey,* 512 F.2d 833 (5th Cir. 1975).

of denial of a plea of double jeopardy has been questioned, it is clear that the Court's ruling remains binding on inferior tribunals.

 ; We, therefore, conclude that Cavin's motion to dismiss the indictment is not separable from the main issue. Indeed, as *Blue* and *Heike* demonstrate, the issue raised by the motion is an integral part of the principal action. For this reason the exception to the final judgment rule formulated in *Cohen* is not applicable. The appeal is dismissed.