UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert BUTTERWORTH, William Newton, Darrell Reazin, Albert Stephens and Robert Kenny, Defendants-Appellants.

No. 81–1699.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 1982.

Decided Nov. 26, 1982.

---

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

Dennis P. Riordan, San Francisco, Cal., for defendants-appellants.

Robert Ward, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before FARRIS and CANBY, Circuit Judges, and WHELAN, District Judge.*

CANBY, Circuit Judge.

Appellants, who were charged with knowingly participating in a strike against the United States in violation of 18 U.S.C. § 1918(3) and 5 U.S.C. § 7311(3), moved to dismiss their indictments on grounds of selective prosecution. Appellants were among approximately two hundred seventy air traffic controllers who failed to report

to work at the northern California Bay Tracon and Oakland air traffic control facilities after the national President of the Professional Air Traffic Controllers Organization (PATCO) announced a general strike.

In their motion to dismiss, appellants argued that the government decided to prosecute them only because their names were on a government list of appropriate targets for prosecution. This list, according to appellants, was improperly drawn in response to the exercise of their First Amendment rights to hold union office and to engage actively in union affairs.

After an evidentiary hearing, the district court denied the motion to dismiss. Appellants filed this appeal on the authority of *United States v. Wilson,* 639 F.2d 500 (9th Cir.1981), in which we ruled that denials of motions to dismiss on grounds of selective prosecution are immediately appealable under the collateral order exception to the final judgment rule. *See Cohen v. Beneficial Industrial Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949).

Our decision in *Wilson* was based on a finding that "little substantive difference" exists between selective prosecution and vindictive prosecution claims. 639 F.2d at 502. Since we previously had determined that denials of motions to dismiss based on vindictive prosecution were immediately appealable [1], we extended the rule to selective prosecution claims. *Id.*

In light of the Supreme Court's recent ruling that interlocutory orders refusing to dismiss indictments on vindictive prosecution grounds may not be appealed immediately, we hold that we are without jurisdiction under 28 U.S.C. § 1291 to review the district court's order in this case. *United States v. Hollywood Motor Car Co.,* —— U.S. ——, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982) (per curiam).

I.

In *Wilson* we stated: "The interests involved [in selective prosecution cases] are

---

* The Honorable Francis J. Whelan, United States District Judge, for the Central District of California, sitting by designation.

1. *United States v. Griffin,* 617 F.2d 1342, 1344 (9th Cir.), *cert. denied,* 449 U.S. 863, 101 S.Ct. 167, 66 L.Ed.2d 80 (1980).

the same as in vindictive prosecution cases: the defendant seeks protection from criminal prosecution initiated punitively, in response to the exercise of his constitutional rights." 639 F.2d at 502. Vindictive prosecution claims arise when the government increases the severity of charges against a defendant who has exercised a constitutional right. *Id.* Selective prosecution occurs when the government, without prosecuting others for similar conduct, brings charges against a person on the basis of race, religion, or the exercise of constitutional rights. *Id.* at 503. We therefore felt constrained in *Wilson* to apply the same rule to selective prosecutions that we previously had applied to vindictive prosecutions, although we incidentally expressed dissatisfaction with the delays caused by our earlier ruling. *Id.* at 502 n. 1.

## II.

■ In *Hollywood Motor Car, supra,* the Supreme Court summarily reversed a previous decision of this circuit allowing an immediate appeal from the denial of a motion to dismiss charges on vindictive prosecution grounds. *United States v. Hollywood Motor Car Co.,* 646 F.2d 384, 386 (9th Cir.1981). The Court noted that the order at issue particularly failed to meet the *Cohen* requirement that it be "effectively unreviewable on appeal from a final judgment." 102 S.Ct. at 3083. The category of claims that meet the collateral order exception is narrow. *Id.* It includes orders denying assertions of immunity under the Speech or Debate Clause, *Helstoski v. Meanor,* 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979), double jeopardy claims, *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), and motions to reduce bail, *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951).

The Court determined that vindictive prosecution claims, even where vindication of the rights asserted would require dismissal of all charges, do not necessarily meet the "effectively unreviewable" test. 102 S.Ct. at 3085. In reaching this conclusion, the Court relied on *United States v. MacDonald,* 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978). In *MacDonald,* the Court held that 28 U.S.C. § 1291 did not authorize an appeal from an interlocutory order refusing to dismiss an indictment based on an allegation that the defendant had been denied his Sixth Amendment right to a speedy trial. The Court stated:

Unlike the protection afforded by the Double Jeopardy Clause, the Speedy Trial Clause does not, either on its face or according to the decisions of this Court, encompass a "right not to be tried" which must be upheld prior to trial if it is to be enjoyed at all. 435 U.S. at 861, 98 S.Ct. at 1553.

From *MacDonald,* the Court drew a "crucial distinction between a right not to be tried and a right whose remedy requires the dismissal of charges." 102 S.Ct. at 3085. "The former," according to the Court, "necessarily falls into the category of rights that can be enjoyed only if vindicated prior to trial. The latter does not." *Id.* Because vindictive prosecution claims do not rest on the right not to be tried at all, the Court held that post-conviction relief leading to a new trial free of prejudicial error adequately could vindicate the constitutional rights of the accused. *Id.*

Selective prosecution claims similarly are not premised upon the right not to be tried. The government may prosecute persons who allegedly strike against the United States. The right defendants assert is merely the right to have the charges against them dismissed if they demonstrate that the government impermissibly targeted them for prosecution because they exercised their First Amendment rights. Although there is some obvious benefit to defendants in forestalling an improper trial, this concern is not sufficient to overcome the strong policies against piece-meal appeals. *See id.* Appellants' right to be free from selective prosecution, like the right asserted in vindictive prosecution claims, may be vindicated in an appeal from the final judgment. This appeal is consequently controlled by *Hollywood Motor Car,* and must be dismissed.