709 F.2d 388
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jill Renee BIRD, Defendant-Appellant.
 No. 83-2261.
 United States Court of Appeals,
Fifth Circuit.
 July 11, 1983.
 
 DeGuerin, Dickson & Szekely, Charles Szekely, Houston, Tex., for defendant-appellant.
 John M. Potter, James R. Gough, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Texas.
 Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.
 ALVIN B. RUBIN, Circuit Judge:
 
 
 1
 Federal courts of appeals may entertain only those interlocutory appeals that fall within the narrowly-defined exceptions to the final judgment rule, 28 U.S.C. Sec. 1291 (1976). A criminal defendant argues that her interlocutory appeal, in which she seeks to enforce an agreement by an Assistant United States Attorney not to prosecute her, falls within the collateral order exception to that rule.[1] Concluding that her claim is not one that may be asserted before final judgment, we dismiss the appeal.[2]
 
 
 2
 An Assistant United States Attorney in Denver, Colorado entered into an agreement with John McBride, a codefendant in this case, providing in part: "In exchange for your complete cooperation with the FBI ... the United States agrees that the complaint presently pending against Jill Bird will be dismissed and no further prosecution will be instituted against her as a result of the Gulf Oil extortion transactions." Pursuant to this agreement, the Assistant United States Attorney dismissed charges against Ms. Bird pending in the District Court of Colorado. Ms. Bird was later indicted in the Southern District of Texas, however, on charges arising out of the same transactions. Ms. Bird moved to dismiss the charges as barred by the agreement not to prosecute. The district judge held that the agreement was unenforceable and denied Ms. Bird's motion. Ms. Bird then brought this interlocutory appeal.
 
 
 3
 Congress has limited the jurisdiction of courts of appeals to the review of "final decisions of the district courts."[3] By ensuring that cases ordinarily will be reviewed only once, and then comprehensively, the rule "conserves judicial energy and eliminates the delays, harassment, and costs that would be occasioned by a succession of interlocutory appeals."[4]
 
 
 4
 The policies underlying the final judgment rule are at their strongest in the criminal law.[5] The rule's "insistence on finality and prohibition of piecemeal review discourage undue litigiousness and leaden-footed administration of justice, particularly damaging to the conduct of criminal cases."[6] Moreover, the rule protects society's interest in the speedy administration of criminal justice.[7] The delays associated with a rule that every pretrial order was immediately appealable would prolong pretrial detention of defendants, prejudice the prosecutor's case and increase the danger that defendants on bail would commit other crimes.[8]
 
 
 5
 There are, nevertheless, exceptions to the final judgment rule. Some orders entered during a trial are final in effect and appealable by virtue of what is known as the collateral order doctrine.[9] To fall within this exception, the appealed-from order must: (1) fully dispose of the disputed issue; (2) resolve an issue separable from and collateral to the main cause of action; and (3) involve an important right that would be irreparably lost if review were deferred until after final judgment.[10] Only if each of these elements is present is an interlocutory appeal proper.[11]
 
 
 6
 The Supreme Court has held the Cohen collateral order exception to the final judgment rule applicable in criminal cases to only three types of orders. In Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951), the court ruled that a defendant could bring an interlocutory appeal from the denial of his motion for pretrial bail. The court noted that "unless [the order could] be reviewed before the sentence, it never [could] be reviewed at all." Id. at 12, 72 S.Ct. at 7, 96 L.Ed. at 10.
 
 
 7
 In Abney v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), the court ruled that pretrial orders denying double-jeopardy-based motions to dismiss were subject to interlocutory appeal. The ruling was based in part on the Court's observation that the interests protected by the Double Jeopardy Clause were infringed as much by the trial itself as by eventual conviction. Id. at 660, 97 S.Ct. at 2040-41, 52 L.Ed.2d at 660.
 
 
 8
 Finally, in Helstoski v. Meanor, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979), the Court noted the possibility of an interlocutory appeal from an order denying a Congressman's motion to dismiss because the prosecution against him was barred by the Speech and Debate Clause.[12] The Court noted that the Clause was in part intended to protect Congressmen from the need to defend themselves against prosecution. 442 U.S. at 508, 99 S.Ct. at 2449, 61 L.Ed.2d at 37.[13]
 
 
 9
 The Supreme Court recently identified the common thread present in these criminal cases qualifying for the collateral order rule. "Each of these cases, in addition to satisfying the other requirements of Cohen, involved 'an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.' "[14] Thus, the Court ruled that an interlocutory appeal was permissible in criminal cases only on an issue "effectively unreviewable on appeal from a final judgment."[15]
 
 
 10
 Giving substance to this distinction, in United States v. Hollywood Motor Car Co., --- U.S. ----, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982), the Court ruled that an order denying the defendant's motion to dismiss on the ground of vindictive prosecution was not appealable before final judgment.[16] The motion asserted a right to dismissal of the charges, but not a right not to be tried at all. --- U.S. at ----, 102 S.Ct. at 3085, 73 L.Ed.2d at 759. Therefore, the defendant's interests could be fully protected on appeal from a judgment of conviction.
 
 
 11
 Similarly, in United States v. MacDonald, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978), the Court held the denial of a motion to dismiss on speedy trial grounds nonappealable. "It is the delay before trial, not the trial itself, that offends ...." Id. at 860-61, 98 S.Ct. at 1552-53, 56 L.Ed.2d at 27-28.[17]
 
 
 12
 To sustain an interlocutory appeal under the Cohen rule, then, the defendant must state a claim of right not to be tried. It is not enough that an eventual conviction would be invalid. Ms. Bird's asserted right fails this test. Her plea that the agreement bars her prosecution can be fully vindicated, if appropriate, in an appeal from any conviction the government obtains in her case. While the agreement is phrased in terms of nonprosecution, its essence is a promise of immunity. Her immunity from punishment will not be lost simply because she is forced to stand trial. Ms. Bird has, therefore, failed to meet the third part of the Cohen test; there is no showing of irreparable harm.[18]
 
 
 13
 By refusing to hear this interlocutory appeal, of course, we subject Ms. Bird to the personal strain, embarrassment and expense of a trial, notwithstanding the possibility that her claim might eventually be held well-founded.[19] As the Supreme Court noted in MacDonald, "there is value--to all but the most unusual litigant--in triumphing before trial, rather than after it ..."[20] In all but a very narrow class of cases, however, society has placed a greater value on the many interests served by the final judgment rule. This case simply does not fall within that narrow class of cases.
 
 
 14
 For these reasons, the appeal is DISMISSED.
 
 
 
 [1]
 See Cohen v. Beneficial Ind. Loan Corp., 337 U.S. 541, 545-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528, 1535-37 (1949)
 
 
 [2]
 The government planned to join Ms. Bird as a defendant in the trial of her codefendants, scheduled for June 13, 1983. We, therefore, expedited our ruling, and ordered the appeal dismissed on June 1, 1983, stating that we would explain the reasons for our order at a later date. We now provide that explanation
 
 
 [3]
 28 U.S.C. Sec. 1291 (1976)
 
 
 [4]
 United States v. Bear Marine Serv., 696 F.2d 1117, 1119 (5th Cir.1983); accord Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373, 101 S.Ct. 669, 673, 66 L.Ed.2d 571, 577 (1981); Catlin v. United States, 324 U.S. 229, 234, 65 S.Ct. 631, 634, 89 L.Ed. 911, 916 (1945)
 
 
 [5]
 See United States v. Hollywood Motor Car Co., --- U.S. ----, ----, 102 S.Ct. 3081, 3083, 73 L.Ed.2d 754, 757 (1982); Abney v. United States, 431 U.S. 651, 657, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651, 658 (1977)
 
 
 [6]
 Di Bella v. United States, 369 U.S. 121, 124, 82 S.Ct. 654, 656, 7 L.Ed.2d 614, 617 (1962); accord Cobbledick v. United States, 309 U.S. 323, 324-326, 60 S.Ct. 540, 541-42, 84 L.Ed. 783, 784-786 (1940)
 
 
 [7]
 United States v. McDonald, 435 U.S. 850, 861, 98 S.Ct. 1547, 1553, 56 L.Ed.2d 18, 27 (1978); United States v. Brizendine, 659 F.2d 215, 218 (D.C.Cir.1981)
 
 
 [8]
 McDonald, 435 U.S. at 861, 98 S.Ct. at 1553, 56 L.Ed.2d at 27
 
 
 [9]
 See Cohen v. Beneficial Ind. Loan Corp., 337 U.S. 541, 545-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528, 1535-37 (1949); United States v. Chagra, 701 F.2d 354, 358 (5th Cir.1983)
 
 
 [10]
 Chagra, 701 F.2d at 358; United States v. Martin, 682 F.2d 506, 508 (5th Cir.), cert. denied, --- U.S. ----, 103 S.Ct. 573, 74 L.Ed.2d 934 (1982)
 
 
 [11]
 Martin, 682 F.2d at 508
 12 U.S. Const. art. 1, Sec. 6.
 
 
 [13]
 Accord United States v. Carney, 665 F.2d 1064, 1065 (D.C.Cir.) (per curiam), cert. denied, 454 U.S. 1081, 102 S.Ct. 636, 70 L.Ed.2d 615 (1981). The lower federal courts have identified a few other applications of the collateral order doctrine in criminal cases. See United States v. Hastings, 681 F.2d 706, 708 (11th Cir.1982) (federal judge's claim of immunity from prosecution until after impeachment and conviction by Congress), cert. denied, --- U.S. ----, 103 S.Ct. 1188, 75 L.Ed.2d 434 (1983); United States v. Yellow Freight Sys., Inc., 637 F.2d 1248, 1251 (9th Cir.1980) (defendant's claim that charge was infamous crime and therefore required grand jury indictment instead of information), cert. denied, 454 U.S. 815, 102 S.Ct. 91, 70 L.Ed.2d 84 (1981); United States v. Myers, 635 F.2d 932 (2d Cir.) (Congressman's claim of immunity from prosecution based on separation of powers doctrine), cert. denied, 449 U.S. 956, 101 S.Ct. 364, 66 L.Ed.2d 221 (1980)
 
 
 [14]
 United States v. Hollywood Motor Car Co., --- U.S. ----, ----, 102 S.Ct. 3081, 3084, 73 L.Ed.2d 754, 758 (1982) (quoting United States v. MacDonald, 435 U.S. 850, 860, 98 S.Ct. 1547, 1552, 56 L.Ed.2d 18, 27 (1978))
 
 
 [15]
 Hollywood Motor Car, --- U.S. at ----, 102 S.Ct. at 3085, 73 L.Ed.2d at 759
 
 
 [16]
 Accord United States v. Banks, 682 F.2d 841, 844 (9th Cir.1982), cert. denied, --- U.S. ----, 103 S.Ct. 755, 74 L.Ed.2d 972 (1983); United States v. Hajecate, 683 F.2d 894, 902 (5th Cir.1982), cert. denied, --- U.S. ----, 103 S.Ct. 2086, 75 L.Ed.2d ---- (1983); United States v. Grabinski, 674 F.2d 677, 681 (8th Cir.) (en banc) (per curiam), cert. denied, --- U.S. ----, 103 S.Ct. 67, 74 L.Ed.2d 67 (1982); United States v. Rosario, 677 F.2d 614, 616-17 (7th Cir.) (per curiam), cert. denied, --- U.S. ----, 103 S.Ct. 149, 74 L.Ed.2d 125 (1982); United States v. Gregory, 656 F.2d 1132, 1135-36 (5th Cir.1981)
 
 
 [17]
 Accord United States v. Bendis, 681 F.2d 561, 569 (9th Cir.1981), cert. denied, --- U.S. ----, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982); United States v. Bilsky, 664 F.2d 613, 616-19 (6th Cir.1981); United States v. Mehrmanesh, 652 F.2d 766, 769-71 (9th Cir.1980). The lower federal courts have also found nonappealable under the collateral order doctrine denials of motions to dismiss based on selective prosecution, United States v. Butterworth, 693 F.2d 99, 101 (9th Cir.1982); United States v. Sasway, 686 F.2d 748 (9th Cir.1982) (per curiam), prosecutorial or judicial misconduct, United States v. Litman, 661 F.2d 17 (3d Cir.1981), cert. denied, 454 U.S. 1150, 102 S.Ct. 1016, 1447, 71 L.Ed.2d 304 (1982); United States v. Martinez, 667 F.2d 886, 890-91 (9th Cir.1981), cert. denied, 456 U.S. 1008, 102 S.Ct. 2301, 73 L.Ed.2d 1304 (1982); United States v. Barham, 608 F.2d 602, 604 (5th Cir.1979), cert. denied, 458 U.S. 1002, 101 S.Ct. 1711, 68 L.Ed.2d 205 (1981), irregularities in the grand jury indictment, United States v. Linton, 655 F.2d 930, 932 (9th Cir.1980), cert. denied, 451 U.S. 912, 101 S.Ct. 1984, 68 L.Ed.2d 301 (1981); United States v. Garner, 632 F.2d 758, 766 (9th Cir.1980), cert. denied, 450 U.S. 923, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981); United States v. Garcia, 589 F.2d 249, 252 (5th Cir.) (per curiam), cert. denied, 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979), improper venue, United States v. Martin, 620 F.2d 237, 238 (10th Cir.), cert. denied, 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1980), lack of personal jurisdiction, United States v. Sorren, 605 F.2d 1211, 1214-15 (1st Cir.1979), or subject matter jurisdiction, United States v. Atwell, 681 F.2d 593, 594 (9th Cir.1982); United States v. Layton, 645 F.2d 681, 683 (9th Cir.), cert. denied, 452 U.S. 972, 101 S.Ct. 3128, 69 L.Ed.2d 984 (1981), and statute of limitations, United States v. Levine, 658 F.2d 113 (3d Cir.1981)
 
 
 [18]
 Courts have reached the same result in cases in which the defendant has sought an interlocutory appeal from the denial of his motion to dismiss based on a claimed grant of immunity, United States v. Cavin, 553 F.2d 871, 872 (4th Cir.1977), or a plea bargain agreement, United States v. Brizendine, 659 F.2d 215, 226 (D.C.Cir.1981); United States v. Solano, 605 F.2d 1141, 1142-43 (9th Cir.1979), cert. denied, 444 U.S. 1020, 100 S.Ct. 677, 62 L.Ed.2d 652 (1980). But see United States v. Alessi, 544 F.2d 1139 (2d Cir.), cert. denied, 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed.2d 327 (1976)
 
 
 [19]
 Of course, we express no opinion here as to the merits of Ms. Bird's claim that the United States is bound to its agreement not to prosecute her
 
 
 [20]
 435 U.S. at 860 n. 7, 98 S.Ct. at 1552 n. 7, 56 L.Ed.2d at 27 n. 7