Jerry A. Davis, Asst. U.S. Atty., Jackson, Miss., for plaintiff-appellee.

UNITED STATES of America, Plaintiff-Appellee,

v.

John C. HASHAGEN, Defendant-Appellant.

No. 83–4116
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 14, 1983.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

The defendant Hashagen was indicated on three counts of willful failure to file an income tax return. 26 U.S.C. § 7203. He appeals from the magistrate's denial of his motion to dismiss the indictments for lack of the district court's jurisdiction to try this case as not arising under Title 18, U.S.C.

The interlocutory ruling of the magistrate is not an appealable final order of the district court. We dismiss the appeal.

The appellate jurisdiction of this court is limited to "appeals from all final decisions of the district courts." 28 U.S.C. § 1291. The denial of a motion to dismiss an indictment is not an appealable final order, *United ed States v. Hollywood Motor Car Company,* —— U.S. ——, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982), *United States v. Bird,* 709 F.2d 388 (5th Cir.1983), whether (as here) based on an asserted "lack of jurisdiction" of the court or instead upon other asserted invalidity of the indictment as entitling the accused to dismissal of the criminal charges. The present claim asserted does not fall within the "very narrow class of cases" in which interlocutory appeal is permissible, *Bird, supra,* 709 F.2d at 392, see also 390–91, as it does not "meet the test of being 'effectively unreviewable on appeal

from a final judgment,'" *Hollywood Motor Car, supra,* 458 U.S. at 270, 102 S.Ct. at 3085. Whatever the merits of the defendant's contention, it may be reviewed, if asserted, upon an appeal from a final order following conviction, if any.

Accordingly, we DISMISS the defendant's appeal.

APPEAL DISMISSED.