**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-50796
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT "WHITE EAGLE" OTTO; ROBERT JONATHON SCHEIDT;
GREGG WILLIAM PAULSON,

Defendants-Appellants.

_____

consolidated with
No. 01-51232

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT "WHITE EAGLE" OTTO,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. P-00-CR-400-1; P-00-CR-400-2;
P-00-CR-400-3; P-00-CR-400-4;
P-00-CR-400-5; & P-00-CR-400-6

_____

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert "White Eagle" Otto appeals from his conviction by guilty plea of conspiring to violate the National Firearms Act. Otto, Gregg William Paulson, and Robert Jonathon Scheidt appeal from a prejudgment order of the district court denying various motions they had filed in the criminal proceeding against them. The appeals have been consolidated. The appellants have filed several motions in each case, and a petition for judicial review of various federal- and state-court rulings has been filed. The petition for judicial review and all outstanding motions in both cases are hereby DENIED.

In appeal number 01-50796, Appellants seek interlocutory review of several of the district court's findings, including its finding that it had subject matter jurisdiction over the case and personal jurisdiction over the Appellants; that there was a justiciable controversy; and that venue was appropriate. This appeal is DISMISSED for want of appellate jurisdiction.[1]

In appeal number 01-51232, Appellant Otto contends that the district court lacked jurisdiction to try him; that his indictment was defective; that the district judge erred by failing to recuse

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]*United States v. Bird*, 709 F.2d 388, 390 (5th Cir. 1983).

2

himself; that the district court erred by not allowing him to raise various jurisdictional and nonjurisdictional arguments common to Texas law; that he received ineffective assistance of standby counsel; that the government failed to provide a sufficient factual basis for his guilty plea; that his plea was involuntary because he was not informed of the mens rea element of his offense; and that his sentencing proceeding was flawed because there was a variance between the factual basis for his guilty plea and the facts recited in his presentence report and because there were no adversarial hearings to resolve factual disputes. After examining the briefs submitted by the parties and reviewing the record, we find no error. We therefore AFFIRM the district court.

APPEAL NO. 01-50796 DISMISSED; APPEAL NO. 01-51232 AFFIRMED; PETITION FOR JUDICIAL REVIEW AND ALL MOTIONS DENIED.