UNITED STATES of America, Plaintiff—Appellee,

v.

Michael KAILING, Trustee/Agent, Defendant—Appellant.

United States of America, Plaintiff—Appellee,

v.

Royal Lamarr Hardy, also known as Royale LaMarr Sounet, Defendant—Appellant.

United States of America, Plaintiff—Appellee,

v.

Fred M. Ortiz, Defendant—Appellant.

United States of America, Plaintiff—Appellee,

v.

Ursula A. Supnet, also known as Ursula Ann Sounet, Defendant—Appellant.

Nos. 03–10542, 03–10543, 03–10545, 03–10546.

D.C. No. CR–02–00133–SOM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2004.

Decided June 24, 2004.

Edward E. Groves, Honolulu, HI, Robert E. Lindsay, Esq., Alan Hechtkopf, Attorney, Gregory V. Davis, DOJ—U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

Richard D. Gronna, Esq., William A. Cohan, Esq., San Diego, CA, Lynn E. Panagakos, Atty, Barry D. Edwards, Esq., Honolulu, HI, Mark R. Zenger, Esq., Lihue, HI, for Defendants–Appellants.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before SCHROEDER, Chief Judge, CANBY, and TALLMAN, Circuit Judges.

## ORDER *

The appellants challenge the district court's denial of their motions to dismiss count I of the indictment, which alleges that they conspired to defraud the government in violation of 18 U.S.C. § 371. The district court's orders denying these motions to dismiss are not final orders appealable under 28 U.S.C. § 1291. *See Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989). In addition, the collateral order doctrine is not applicable because the appellants have not asserted a "right not to be tried" that is "effectively unreviewable" on appeal. *See United States v. Butterworth*, 693 F.2d 99, 101 (9th Cir.1982); *see also United States v. Ambort*, 193 F.3d 1169, 1171 (10th Cir. 1999).

Contrary to the appellants' contentions, *United States v. P.H.E., Inc.*, 965 F.2d 848 (10th Cir.1992), is inapposite. In *P.H.E., Inc.*, appellants presented substantial evidence that prosecutors acted in a retaliatory manner; in fact the prosecutors admitted that they would agree to a plea agreement only if the appellants ceased distributing material that the prosecutors knew was subject to First Amendment protection. *Id.* at 851. In contrast, in this case the appellants did not produce sufficient evidence to establish that the government acted with an improper purpose when it sought the indictment.

Because the orders from which they appeal are not final decisions under 28 U.S.C. § 1291 or the collateral order doctrine, we dismiss for lack of jurisdiction.

In addition, the appellants' motion to supplement the record is DENIED as moot.

DISMISSED.