# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-20425
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VASSILIOS TSITSIRINGOS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:90-CR-448-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Vassilios Tsitsiringos appeals the district court's denial of his motion to dismiss the indictment charging him with money laundering, bank fraud, making false statements, misapplication of bank funds, and failure to appear. Tsitsiringos argues, as he did in the district court, that the statutes charged in the indictment are invalid because they were not published in the Federal Register. He alleges that the Government perpetrated fraud upon the court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the Government is aware of the statutes' invalidity. The Government asserts that this court is without jurisdiction to review the district court's denial of Tsitsiringos's motion to dismiss because the decision is not a final appealable order. Alternatively, the Government urges this court to decline review of this appeal under the "fugitive disentitlement doctrine." Tsitsiringos contends that this court retains jurisdiction over his appeal because his challenge is based on an allegation of fraud upon the court.

In criminal cases, the "final judgment rule" usually prohibits appellate review until conviction and imposition of sentence. *Flanagan v. United States,* 465 U.S. 259, 263 (1984). The collateral order exception to the final judgment rule, however, permits appeal of an interlocutory order if the district court's ruling (1) conclusively determines the disputed question; (2) resolves an important issue that is completely separate from the merits; and (3) cannot effectively be reviewed on appeal from a final judgment. *Id.* at 265.

Tsitsiringos has not demonstrated that the denial of his motion resolved an issue that was unrelated to the merits of the charges and that involved a right that would be "irretrievably lost" if left to final judgment. *See Flanagan,* 465 U.S. at 265-66; *see also United States v. Hashagen*, 716 F.2d 1454, 1454 (5th Cir. 1983) (noting that the denial of a motion to dismiss an indictment, whether based on a claim of lack of jurisdiction or other invalidity of the indictment, is not a final appealable order).

Accordingly, this appeal is DISMISSED for lack of jurisdiction.